UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-11318(JLT)

PATRICIA WALLIS, )
As Administratrix of the )
Estate of T. Jeffrey Healey, )
and next best friend, )
    Plaintiff )
)
) DEFENDANTS' ANSWER
v. )
)
CERTAIN JOHN DOE POLICE )
OFFICERS OF THE CITY OF )
WORCESTER POLICE DEPARTMENT, )
    Defendants )

    Defendants Certain John Doe Police Officers of the City of Worcester Police Department hereby answer Plaintiff's Complaint, as follows.

### PRELIMINARY STATEMENT

    1.    Paragraph 1 of Plaintiff's Complaint presents a conclusion of law to which a responsive pleading is not required. But insofar as that paragraph can be construed as alleging facts, Defendants deny them.

### JURISDICTION

    2.    Paragraph 2 of Plaintiff's Complaint presents a conclusion of law to which a responsive pleading is not required. But insofar as that paragraph can be construed as alleging facts, Defendants deny them.

### STATEMENT OF FACTS

    3.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint.

    4.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Defendants admit the allegations contained in the first sentence of paragraph 5 of Plaintiff's Complaint, but deny the remaining allegations contained in that paragraph.

6. Defendants deny the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Defendants deny the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Defendants deny the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Defendants deny the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Defendants admit the allegations contained in the first sentence of paragraph 10 of Plaintiff's Complaint, but are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in that paragraph.

## COUNT I

11. Defendants repeat and incorporate by reference their answers to paragraphs 1 through 11 [sic] of Plaintiff's Complaint, as if fully set forth herein.

12. Defendants deny the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. Defendants deny the first and third sentences of paragraph 13 of Plaintiff's Complaint. The second and fourth sentences of that paragraph present conclusions of law to which a responsive pleading is not required; but insofar as those sentences can be construed as alleging facts, Defendants deny them.

14. Defendants deny the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Defendants deny the allegations contained in paragraph 15 of Plaintiff's Complaint.

## COUNT II

16. Defendants repeat and incorporate by reference their answers to paragraphs 1 through 11 of Plaintiff's Complaint, as if fully set forth herein.

17. Paragraph 17 of Plaintiff's Complaint presents a conclusion of law to which a responsive pleading is not required. But insofar as that paragraph can be construed as alleging facts, Defendants deny them.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants are qualifiedly immune from liability.

### THIRD AFFIRMATIVE DEFENSE

Defendants' actions were justified and in good faith at all times.

### FOURTH AFFIRMATIVE DEFENSE

Defendants at all times acted reasonably and with a good faith belief that their actions were lawful and not in violation of any federal or state constitutional right.

### FIFTH AFFIRMATIVE DEFENSE

Mass. Gen. Laws c. 40, §§ 36B and 36C do not create a cause of action for alleged violations of those statutes.

### SIXTH AFFIRMATIVE DEFENSE

The suicide alleged in Plaintiff's Complaint was the result of supervening and intervening causes unrelated to any acts of Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's decedent proximately caused his own death.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs did not sustain any actual deprivation of rights protected by federal or state law.

## NINTH AFFIRMATIVE DEFENSE

Defendants at all times were motivated with neither an evil intent or motive, nor with a reckless or callous indifference, toward any of Plaintiff's decedent's rights.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed for insufficient service of process.

WHEREFORE, Defendants pray that this Court enter judgment in their favor as follows:

1. that the Complaint be dismissed;

2. that Plaintiff take nothing by her Complaint; and

3. for such other and further relief as this Court deems proper, including costs and attorney fees awarded to Defendants.

Defendants demand a trial by jury on all claims and issues so triable.

CERTAIN JOHN DOE POLICE
OFFICERS OF THE CITY OF
WORCESTER POLICE DEPARTMENT

By their attorneys,
David M. Moore
City Solicitor

*/s/ Donald V. Rider, Jr.*
Donald V. Rider, Jr. (BBO#549777)
Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, MA  01608
(508) 799-161

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I have served upon Plaintiff the within Defendants' Answer by mailing a copy of the same, postage prepaid, to Joseph M. Mahaney, Esquire, Goguen, McLaughlin, Richards & Mahaney, LLP, 2 Pleasant Street, South Natick, MA 01760 this 8th day of September, 2003.

_____
Donald V. Rider, Jr.
Assistant City Solicitor