UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-11318(JLT)

| | |
|---|---|
| PATRICIA WALLIS,<br>As Administratrix of the<br>Estate of T. Jeffrey Healey,<br>and next best friend,<br>    Plaintiff<br><br>v.<br><br>CERTAIN JOHN DOE POLICE<br>OFFICERS OF THE CITY OF<br>WORCESTER POLICE DEPARTMENT,<br>    Defendants | DEFENDANTS' MOTION TO<br>CHANGE VENUE |

Defendants Certain John Doe Police Officers of the City of Worcester Police Department bring this Motion to Change Venue from the United States District Court in the Eastern Division (Boston) to the Central Division (Worcester), pursuant to 28 U.S.C. § 1404(a) and L.R. 40.1(F).

As good cause for their Motion, Defendants state the following:

1. 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any action to any other district or division where it might have been brought."

2. Plaintiff has brought this case in the Eastern Division, even though she alleges that she resides in the town of Upton, Worcester County (Complaint, at ¶ 3), which is within

the Central Division. L.R. 40.1(C)(2). On the other hand, Plaintiff's attorneys have their place of business in South Natick, Middlesex County, which is within the Eastern Division. L.R. 40.1(C)(1). Thus, Plaintiff has inconvenienced herself in favor of conveniencing her counsel. However, "[n]o case articulates that the convenience of counsel is a consideration in deciding a motion to transfer pursuant to § 1404(a). Whether this court is more convenient to the plaintiff's counsel is, accordingly, of <u>no</u> consequence." <u>Princess House, Inc. v. Lindsey</u>, 136 F.R.D. 16, 18 (D. Mass. 1991)(emphasis supplied).

3. The forum non conveniens doctrine embraced by § 1404(a), <u>Pedzewick v. Poe</u>, 963 F. Supp. 48, 50 n.1 (D. Mass. 1997), is a matter left to the discretion of a court. <u>Codex Corp. v. Milgo-Electric Corp.</u>, 553 F.2d 735, 737 (1st Cir. 1977). In exercising its discretion, a court typically assesses factors such as the ease of access to sources of proof; the availability of compulsory process for attendance of unwilling witnesses; the relative availability of documentary and tangible evidence; as well as the public interest in the administration of justice. <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501, 508-09 (1947). Here, these factors clearly militate in favor of venue in the Central Division. The majority of witnesses will likely reside in the Central Division area, and the "[c]onvenience of the expected witnesses is '(p)robably the most important factor … .'"

2

<u>Princess House, Inc.</u>, 136 F.R.D. at 18 (citation omitted). In addition, traveling to Boston will cause inconvenience and increased expense for Defendants.

4. In short, the Central Division is simply the appropriate venue for litigating this matter.

WHEREFORE, Defendants' Motion should be allowed, and this case should be transferred from the Eastern Division to the Central Division.

                CERTAIN JOHN DOE POLICE
                OFFICERS OF THE CITY OF
                WORCESTER POLICE DEPARTMENT
                By their attorneys,
                David M. Moore
                City Solicitor

                _____
                Donald V. Rider, Jr. (BBO#549777)
                Assistant City Solicitor
                City Hall, Room 301
                455 Main Street
                Worcester, MA 01608
                (508) 799-1161

**CERTIFICATE OF SERVICE**

I, Donald V. Rider, Jr., hereby certify that I have served upon Plaintiff the within Defendants' Motion to Change Venue by mailing a copy of the same, postage prepaid, to Joseph M. Mahaney, Esquire, Goguen, McLaughlin, Richards & Mahaney, LLP, 2 Pleasant Street, South Natick, MA 01760 this 8th day of September, 2003.

_____
Donald V. Rider, Jr.
Assistant City Solicitor