UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PATRICIA WALLIS,  )
As Administratrix of the  )
Estate of T. Jeffrey Healey,  )
and next best friend,  )
    Plaintiff  )
  )  C.A. NO. 03-11318(FDS)
v.  )
  )
CERTAIN JOHN DOE POLICE  )
OFFICERS OF THE CITY OF  )
WORCESTER POLICE DEPARTMENT,  )
    Defendants  )
  )

## MOTION TO EXTEND SCHEDULING ORDER

Now comes the Plaintiff, Patricia Wallis as Administratrix of the Estate of T. Jeffrey Healey, requesting the Honorable Court to grant this Motion requesting the Honorable Court to grant this Motion requesting an extension of the scheduling order so as to comply with the requirements of discovery as described in LR 26.2(B) and Fed. R. Civ P. 26(a)(1).

## FACTS

Plaintiff filed suit against Defendants, Certain John Doe Police Officers of the City of Worcester Police Department on July 15, 2003, alleging the circumstances leading to her son's death were wrongful and have caused Plaintiff, Plaintiff's husband (hereinafter Richard Henley) and Decedent's sister (hereinafter Kelly Henley) severe emotional distress, pain and suffering. Plaintiff seeks damages, both compensatory and punitive under 42 U.S.C. section 1983. Plaintiff also seeks attorney's fees, interest and costs. On July 29, 2003, Plaintiff, through her attorney, served

GOGUEN, MCLAUGHLIN,
RICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

Defendant with a summons and complaint along with Interrogatories and a Notice to Produce Documents. This was done prior to automatic required discovery as required by LR 26.2(A) and Fed. R. Civ. P. 26(A)(1). Defendant did not respond to Plaintiff's interrogatories or request for documents stating Plaintiff "propounded her document and interrogatory requests prior to complying with the automatic required disclosure required my LR 26.2."(see Defendant's response to Plaintiff's Request for Production of Documents). Plaintiff requests that the interrogatories served on Defendant be answered and that the requested documents be produced, requiring an extension of the Scheduling Order.

**ARGUMENT**

The basic principles of discovery stand for the idea that there should be no trial by surprise. In order to fully prepare to advocate for a client, a lawyer should be provided with certain items as laid out in Fed. R. Civ. P 26. Such items include the name, address and telephone number of each individual likely to have discovery information. Fed. R. Civ. P. 26(a)(1)(A). The Rules also require each side to produce all data compilations, tangible items and documents in control of the party that the party wishes to use to support its claim or defense. Fed. R. Civ. P 26(a)(1)(B). No lawyer, regardless of which side he is representing, is to be subject to the pains of facing a "smoking gun" piece of evidence in the midst of a trial. The Defendant failed to provide the Plaintiff with any documents either through interrogatories, production of documents or automatic discovery. Plaintiff was merely provided with a <u>list of the location</u> of the items, citing the clause of the Fed. R. Civ. P. 26(a)(1)(B) that says "...or a description of by category or location of, all documents, data compilations, and tangible things that are in possession, custody, or control of the party and that the disclosing party may use to support it claims or defenses...". While this may well be a technical

GOGUEN, MCLAUGHLIN, RICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

compliance with the rules of Discovery, obtaining evidentiary material is absolutely essential to the proper preparation of a case. To provide the location of and not the documents is in disregard to the spirit and intent of discovery and the very principle of a fair trial. It is not as though Plaintiff totally neglected to engage in discovery. Plaintiff served discovery requests, but did so prematurely. Justice, fair play and the principle of full disclosure require Defendant to engage in discovery and not hide behind a technicality to defeat the very precepts upon which a fair trial should be conducted.

Modification of Scheduling Orders is regulated by LR 16.1(g). Any modification to a scheduling order must be done by a Judge of the Court. Such modification may be granted upon showing of good cause supported by affidavits, other evidentiary material or reference to pertinent parts of the record. LR16.1(g). In the case at bar, Plaintiff is able to show the required "good cause" based upon his serving requests for production of document and interrogatories on the Defendant, albeit prematurely.

In AMS Staff Leasing v. Starving Students, Inc., the Court ruled that in order for the time for discovery to be extend, the movant would have to show good cause as to why he did not request the documents prior to the discovery deadline. *AMS Staff Leasing v. Starving Students, Inc.*, 2004 U.S. Dist. LEXIS 26201. The case at bar is completely opposite of the situation in AMS Staff Leasing because Plaintiff, through her attorney, had requested the production of documents upon serving the Defendant with the Complaint. Plaintiff, through her attorney, in good faith requested items of discovery to be produced prior to the automatic discovery period. The Court focused on the "divergence from the pretrial deadlines" (*Id.*); however, in this case, the only divergence from the pretrial deadlines was cause by Defendant's failure to produce discovery documents. Plaintiff was not maliciously attempting to divert from the discovery schedules; rather, Plaintiff, in good faith,

GOGUEN, MCLAUGHLIN,
RICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

believed that she would be expediting litigation and possible settlement by serving Defendants with discovery requests prior to the deadline. Defendants' willful refusal to provide Plaintiff with requested documents frustrates a fair trial or settlement.

Furthermore, discovery does not close until August 31, 2005 and dispositive motions do not have to be filed until September 30, 2005. there will therefore be no postponement of a trial date or will even dispositive motions. Plaintiff asks only that discovery be extended for serving of interrogatories and a request for production of documents.

Furthermore, at the outset of this matter Defendant requested an extension to file an answer. The answer was due August 18, 2003. Plaintiff without hesitation or necessity for a Motion granted Defendant an extension to September 8, 2003.

## CONCLUSION

WHEREFORE, for the above-states reasons, Plaintiff requests that the Honorable Court grant an extension of the scheduling order so that the requests for discovery documents can be fulfilled. The facts set forth herein are verified as true and accurate to the best of our information and belief.

| | Respectfully Submitted |
| --- | --- |
| | Plaintiff |
| | By Her Attorneys: |
| /s/ | /s/ |
| Joseph M. Mahaney, Esq | Theodore H. Goguen, Jr., Esq |
| (BBO #549042) | (BBO # 196740) |
| Goguen, McLaughlin, Richards | Goguen, McLaughlin. Richards |
| & Mahaney, LLP | & Mahaney, LLP |
| 2 Pleasant Street | 2 Pleasant Street |
| S. Natick, MA 01760 | S. Natick, MA 01760 |
| (508) 651-1000 | (508) 651-1000 |

Dated: June 9, 2005

GOGUEN, MCLAUGHLIN, RICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

## CERTIFICATION

We hereby certify that on May 27, 2005, Plaintiff's counsel conducted a conference with Defendant's counsel on the matter set forth in this Motion. The conference lasted for approximately twenty (20) minutes and was initiated by Plaintiff's counsel calling Defendant's counsel. The participants were Theodore H. Goguen, Jr., Joseph M. Mahaney, and Donald Rider. Counsel would not commit to assenting to this Motion or to not filing an opposition. Neither would he provide access to the documents for copying.

/s/ _____  
Joseph M. Mahaney, Esq  
(BBO #549042)  
Goguen, McLaughlin, Richards  
& Mahaney, LLP  
2 Pleasant Street  
S. Natick, MA 01760  
(508) 651-1000

/s/ _____  
Theodore H. Goguen, Jr., Esq.  
(BBO # 196740)  
Goguen, McLaughlin. Richards  
& Mahaney, LLP  
2 Pleasant Street  
S. Natick, MA 01760  
(508) 651-1000

Dated: June 9, 2005

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail/hand on 6/6/05

GOGUEN, MCLAUGHLIN,  
RICHARDS & MAHANEY, LLP  
ATTORNEYS AT LAW  
2 PLEASANT STREET  
SOUTH NATICK,  
MASSACHUSETTS 01760  

(508) 651-1000  
FAX (508) 651-1128