UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-11318(FDS)

|  |  |
|---|---|
| PATRICIA WALLIS, )<br>As Administratrix of the )<br>Estate of T. Jeffrey Healey, )<br>and next best friend, )<br>    Plaintiff )<br> )<br>v. )<br> )<br>CERTAIN JOHN DOE POLICE )<br>OFFICERS OF THE CITY OF )<br>WORCESTER POLICE DEPARTMENT, )<br>    Defendants )<br> ) | DEFENDANTS' OPPOSITION TO<br>PLAINTIFF'S MOTION TO<br>EXTEND SCHEDULING ORDER |

Defendants Certain John Doe Police Officers of the City of Worcester Police Department hereby oppose the Motion brought by Plaintiff Patricia Wallis, as Administratrix of the Estate of T. Jeffrey Healey, to Extend Scheduling Order.  Plaintiff's Motion is devoid of any good cause that would warrant an extension of this Court's Scheduling Order.

I.   BACKGROUND.

    A. Complaint.

This case arises out of a suicide committed by T. Jeffrey Healey ("Healey") on or about September 5, 2001 while he was in the custody of the Worcester Police Department following his arrest.  Plaintiff Patricia Wallis, as administratrix of Healey's estate, has brought a claim pursuant to 42 U.S.C. §

1983, alleging that Defendants acted recklessly or with deliberate indifference to their alleged knowledge that Healey was a suicide risk while in custody on the alleged date. Plaintiff has sued the unnamed Defendants as individuals. (Complaint, at ¶ 4.)

    B.    <u>Pertinent Chronology</u>.

The following is a chronology pertinent to this Opposition:

- On November 17, 2003, Plaintiff served upon Defendants a Notice to Produce Documents by the Plaintiff to the Defendant, City of Worcester Police Department ("original document request") and her Interrogatories Propounded to the Defendant City of Worcester Police Department by the Plaintiff, Patricia Wallis as Administratrix of the Estate of T. Jeffrey Healey ("original interrogatories"). (See a copy of the original document request and original interrogatories, attached hereto as "Exhibit A.")

- On January 5, 2004, Defendants responded to Plaintiff's written discovery by serving their document responses and interrogatory answers. (See a copy of the document response and interrogatory answers, attached hereto as "Exhibit B.")

2

Defendants made multiple objections to Plaintiff's written discovery:

1) that Plaintiff had propounded her written discovery prior to complying with the automatic required disclosure required by LR 26.2 (which provides in pertinent part that, "[u]nless otherwise ordered by … a judicial officer, before a party may initiate discovery, that party must provide to other parties disclosure of the information and materials called for in Fed. R. Civ. P. 26(a)(1)");

2) that Plaintiff had propounded both her original document request and her original interrogatories upon "Defendant City of Worcester Police Department," which is not a defendant in this lawsuit, nor is it an entity capable of being sued;[1] and

3) that the dates identified in Plaintiff's interrogatories (i.e., September 4 and 5, 2002) were neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence in,

---

[1] See Curran v. City of Boston, 777 F. Supp. 116, 120 (D. Mass. 1991)("For purposes of a Section 1983 action, a police department is considered a non-person. Henschel v. Worcester Police Department, 445 F.2d 624 (1st Cir. 1971). The City of Boston Police Department is not a suable entity. See id. (stating that City of Worcester Police Department is not suable entity).")

3

    this lawsuit (which has an incident date of September 5, 2001).

- On August 6, 2004, this Court (per Saylor, J.) issued its Scheduling Order. (See a copy of the Scheduling Order, attached hereto as "Exhibit C.") Among other deadlines, the Scheduling Order set forth the following deadline:

    > (3) written discovery requests are to be served by 11/30/04 and answers are to be served by 1/17/05.

    (Exhibit C.)

- On March 3, 2005, more than three (3) months <u>after</u> the deadline for service of written discovery requests, Plaintiff served another Notice to Produce Documents Directed by the Plaintiff to the Defendant, City of Worcester Police Department ("second document request") and her Interrogatories Propounded to the Defendant City of Worcester Police Department by the Plaintiff, Patricia Wallis as Administratrix of the Estate of T. Jeffrey Healey ("second interrogatories"). (See a copy of the second document request and the second interrogatories, attached hereto as "Exhibit D.") This second round of Plaintiff's written discovery

> was served along with her Automatic Required Disclosures.
>
> - On March 16, 2005, Defendants wrote a letter to Plaintiff, advising her that her written discovery requests were not in compliance with the Scheduling Order, which had required service of written discovery request by November 30, 2004.  (See a copy of Defendants' letter, attached hereto as "Exhibit E.")  In addition, despite Defendants' objections made to Plaintiff's original written discovery, Plaintiff's second document request and second interrogatories continued to be propounded to a non-defendant and a non-suable entity, the City of Worcester Police Department, her second interrogatories continued to reference an incorrect incident date of September 4 and 5, 2002, not September 5, 2001.

II. ARGUMENT.

    A. The Standard Of Review On A Motion To Extend A Scheduling Order.

Pursuant to Fed. R. Civ. P. 16(b), "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge … ."  Pursuant to LR 16.1(G), a scheduling order can be modified "only upon a showing of good cause

supported by affidavits, other evidentiary materials, or references to pertinent portions of the record." A "court may extend a scheduling order deadline on a showing 'of good cause if the (deadline) cannot reasonably be met despite the diligence of the party seeking the extension.'" O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 154 (1st Cir. 2004)(citation omitted). "The rationale is that application of the 'good cause' standard preserves the integrity and effectiveness of Rule 16(b) scheduling orders." Id. at 155 (citation omitted). "Rule 16(b)'s 'good cause' standard emphasizes the diligence of the party seeking the amendment." Id. (citation omitted). "'(I)ndifference by the moving party 'seal(s) off this avenue of relief' irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause." Id. (citation omitted).

    B.    <u>Because Plaintiff's Indifference To The Scheduling Order Is Incompatible With The Showing Of Diligence Necessary To Establish Good Cause, Plaintiff's Motion To Extend The Scheduling Order Should Therefore Be Denied</u>.

In support of this Opposition, Defendants state that Plaintiff's Motion to Extend Scheduling Order subsumes a motion to compel discovery. That is, Plaintiff asserts (Motion, at 1-2) that her attorney served Defendants with interrogatories and "a Notice to Produce Documents" on July 29, 2003. Plaintiff further asserts (Motion, at 2) that "Defendant[s] did not

6

respond to Plaintiff's interrogatories or request for documents[,] stating Plaintiff 'propounded her document and interrogatory requests prior to complying with the automatic required disclosure required my [sic] LR 26.2.' (see Defendant's response to Plaintiff's Request for Production of Documents)." Thus, Plaintiff concludes by requesting (Motion, at 2) "that the interrogatories served on Defendant[s] be answered and that the requested documents be produced, requiring an extension of the Scheduling Order."

However, as the pertinent chronology in Part I.B, supra, reveals, Plaintiff has shown anything but the diligence necessary to establish the good cause to extend the Scheduling Order. Indeed, Plaintiff's indifference to this Court's Scheduling Order is incompatible with the showing of diligence necessary to establish good cause. O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 155 (1st Cir. 2004)(citation omitted). The very case cited by Plaintiff, AMS Staff Leasing v. Starving Students, Inc., 2004 WL 251555 (N.D. Texas, Dallas Div. 2004), undermines her assertion of good cause. Consistent with First Circuit precedent, AMS Staff Leasing states that

> [t]he 'good cause' standard focuses on the diligence of the party seeking an extension of pretrial deadlines. … Mere inadvertence on the part of the movant and the absence of prejudice to the non-movant are insufficient to establish 'good cause.' … Instead, the movant must show that, 'despite his diligence, he could not have reasonably met the scheduling deadline.

Id. at *1 (citations omitted). In AMS Staff Leasing, the plaintiff was unable to explain why it had not sought certain documents prior to the discovery deadline. Id. Accordingly, the court ruled that, in the absence of the plaintiff's having shown good cause, the discovery deadline would not be extended. Id.

Likewise here, Plaintiff cannot show she could not reasonably have met this Court's written discovery deadline of November 30, 2004, because she cannot show any diligence. True, Plaintiff did serve her original document request and her original interrogatories on November 17, 2003 (not July 29, 2003, as Plaintiff says). But Defendants' January 5, 2004 response left plenty of time -- more than 10 months before the November 30, 2004 written discovery deadline -- for Plaintiff to serve a second document request and a second set of interrogatories that 1) could have been served along with her Automatic Required Disclosures, 2) could have been propounded to the actual defendants in this case, rather than to a non-party entity that, in any event, was not capable of being sued, and 3) could have identified the correct incident date. But Plaintiff exhibited no such diligence prior to the November 30, 2004 written discovery deadline. The only 'diligence' shown by Plaintiff came more than three (3) months after the November 30,

8

2004 written discovery deadline, when Plaintiff served her second document request and second set of interrogatories, along with her Automatic Required Disclosures, on March 3, 2005. And even then, her second written discovery continued to be propounded to a non-party entity not capable of being sued and continued to identify the wrong incident date.

Accordingly, because Plaintiff cannot show she could not reasonably have met this Court's November 30, 2004 written discovery deadline, she cannot show good cause for extending that deadline.  O'Connell, 357 F.3d at 154 (citation omitted). Further, Plaintiff has no basis upon which to compel Defendants to respond to her original document request and to answer her original interrogatories:  Defendants did so respond and did so answer.  (See Exhibit B.)  If Plaintiff had truly been discontent with Defendants' document response and interrogatory answers, due diligence would certainly have motivated her to serve her second document request and her second set of interrogatories well prior to this Court's November 30, 2004 written discovery deadline.  That diligence, and therewith any and all good cause, are wholly absent from this case.[2]

---

[2]   In her LR 7.1 Certification, Plaintiff states that her attorneys initiated a conference with Defendants' attorney on May 27, 2005 to discuss the matter presented in this Motion.  In point of fact, the latter had called and left a message for the former on May 27, 2005 to discuss Plaintiff's overdue responses to Defendants' written discovery, among other items.  One of Plaintiff's attorneys called back on May 27 and told Defendants' attorney that his partner was not available that day, and so a conference call was scheduled for and held on May 31, 2005.  (See "Exhibit F," attached hereto.)

III. CONCLUSION.

For all the aforementioned reasons, Plaintiff's Motion to Extend Scheduling Order fails to show good cause for that extension. Therefore, Defendants request that that Motion be denied.

```
                              CERTAIN POLICE OFFICERS OF THE
                              CITY OF WORCESTER POLICE
                              DEPARTMENT
                              By their attorneys,
                              David M. Moore
                              City Solicitor


                              /s/ Donald V. Rider, Jr.
                              Donald V. Rider, Jr. (BBO#549777)
                              Assistant City Solicitor
                              City Hall, Room 301
                              455 Main Street
                              Worcester, MA  01608
                              (508) 799-1161
```

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I served upon Plaintiff the within Defendants' Opposition to Plaintiff's Motion to Extend Scheduling Order by mailing a copy of the same, postage prepaid, to Joseph M. Mahaney, Esquire, Goguen, McLaughlin, Richards & Mahaney, LLP on this 23rd day of June, 2005.

```
                              /s/ Donald V. Rider, Jr.
                              Donald V. Rider, Jr.
                              Assistant City Solicitor
```

---

As a result of that conference call, Plaintiff agreed to serve her responses to Defendants' written discovery on or before July 15, 2005. (See "Exhibit G," attached hereto.) As to Plaintiff's request during the conference call that Defendants' assent to this Motion, Defendants' attorney told Plaintiff's attorneys that they had not shown any good cause for the scheduling extension. Plaintiff then filed this Motion.