UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PATRICIA WALLIS, <br> As Administratrix of the <br> Estate of T. Jeffrey Healey, <br> and next best friend, <br>     Plaintiff <br><br> v. <br><br> CERTAIN JOHN DOE POLICE <br> OFFICERS OF THE CITY OF <br> WORCESTER POLICE DEPARTMENT, <br>     Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C.A. NO. 03-11318(FDS) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

I.  INTRODUCTION.

    Pursuant to Fed. R. Civ. P. 12(c), Defendants Certain John Doe Police Officers of the City of Worcester Police Department move this Court to grant them judgment on the pleadings contained in Plaintiff's Complaint. Plaintiff's Complaint alleges a violation of 42 U.S.C. § 1983 based on Defendants' purported failure to have complied with Mass. Gen. Laws c. 40, §§ 36B and 36C. However, §§ 36B and 36C do not provide a basis for a claim under § 1983. This is because a violation of state law, even if done in bad faith, does not provide a basis for § 1983 liability. Therefore, Plaintiff's Complaint is legally insufficient, entitling Defendants to judgment on the pleadings, as will now be demonstrated.

II.   STATEMENT OF THE PLEADINGS IN THE COMPLAINT.

This case arises out of a suicide committed by T. Jeffrey Healey ("Healey") on or about September 5, 2001 while he was in the custody of the Worcester Police Department following his arrest.   Plaintiff Patricia Wallis, as administratrix of Healey's estate, brought a Complaint against Defendants as individuals.  (Complaint, attached hereto as "Exhibit A," at ¶ 4.)   Plaintiff's Complaint nominally consists of two Counts. However, Count II appears to differ from Count I merely in asking for punitive damages. (Complaint, at ¶ 17.)   Thus, the Complaint's sole cause of action is set forth in Count I, which alleges a violation of 42 U.S.C. § 1983 in that Defendants purportedly acted recklessly or with deliberate indifference to their alleged knowledge that Healey was a suicide risk while in their custody on the alleged date.  (Complaint, at ¶ 14.)

As the basis for her § 1983 claim, Plaintiff alleges various violations of state law.  First, Plaintiff alleges that Defendants placed Healey in a detention cell lacking audio or visual systems and protective coverings on the bar structures to prevent Healey from injuring himself, in violation of Mass. Gen. Laws c. 40, § 36B.  (Complaint, at ¶ 7.)  Plaintiff next alleges that Defendants did not physically or visibly check Healey's cell, as required under a reasonable standard of care imposed by Mass. Gen. Laws c. 40, § 36B.  (Complaint, at ¶ 8.)   Plaintiff

2

then alleges that Defendants left Healey with items on his person which contributed to his death, in violation of Mass. Gen. Laws c. 40, § 36C.  (Complaint, at ¶ 9.)  Finally, Plaintiff alleges that Defendants

> had a duty under G.L. c. 40 § 36B to take special precautions to protect and monitor Healey in their detention facility.  The defendants failed to obey the requirements of this statute.  The defendants [sic] actions and failures to act when they had a duty to do so amounted to deliberate indifference to Healey's civil rights in violation of 42 U.S.C. § 1983.

(Complaint, at ¶ 13.)

These allegations are legally insufficient, as shown below.

III. THE STANDARD FOR GRANTING A RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS.

"A motion for judgment on the pleadings, made pursuant to Fed. R. Civ. P. 12(c), tests the legal sufficiency of the complaint, not the plaintiff's likelihood of ultimate success." LaManque v. Massachusetts Dept. of Employment and Training, 3 F. Supp. 2d 83, 89 (D. Mass. 1998)(citation omitted).  "In ruling on a motion for judgment on the pleadings, the court must accept all of the material facts as alleged in the complaint as true and view them in the light most favorable to the plaintiff." Id. (citations to First Circuit cases omitted).  It must appear beyond a doubt that the plaintiff will not be able to prove any set of facts entitling her to relief.  Id. (citations to First Circuit cases omitted).  Where a complaint fails to state a

3

legally sufficient cause of action, judgment on the pleadings is appropriate. See id.

III. ARGUMENT.

> Because A § 1983 Cause Of Action Cannot Be Based Upon A Violation Of State Law, Plaintiff's § 1983 Complaint, Based Upon Alleged Violations Of Mass. Gen. Laws C. 40, §§ 36B And 36C, Fails To State A Legally Sufficient Cause Of Action, Entitling Defendants To Judgment On The Pleadings.

Plaintiff's Complaint is brought under 42 U.S.C. § 1983.[1] "As is well established, § 1983 creates no independent substantive rights, but rather provides a cause of action by which individuals may seek money damages for governmental violations of rights protected by federal law." Cruz-Erazo v. Rivera-Montanez, 212 F.3d 617, 621 (1st Cir. 2000)(citing Albright v. Oliver, 510 U.S. 266, 271 (1994)). Thus, in order to state a claim under § 1983, a plaintiff must allege 1) that the defendant violated a right protected by either the United States Constitution or United States law; and 2) that, while so violating, the defendant acted under the color of state law. Id. (citation omitted).

---

[1] 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law … .

4

Here, Plaintiff alleges no such violation of a right protected by either the Constitution or the laws of the United States. Instead, she merely alleges violations of Massachusetts law regulating detention facilities, i.e., Mass. Gen. Laws c. 40, §§ 36B[2] and 36C.[3] (Complaint, attached hereto as "Exhibit

---

[2] Section 36B provides, in pertinent part:

> Each cell utilized for the detention of persons within a city, town, or state lockup facility which is under jurisdiction of a local police department or the state police shall have a protective covering of high-impact, transparent wall facing. Such protective covering shall cover all bar structures accessible to such detained persons. Adequate ventilation shall be provided to persons detained in the cell.
>
> At least one such cell within such lockup facility shall have installed within it, but beyond the access of any person detained within such cell, an electronic audio system whereby a police officer or other lockup personnel at the duty desk within such lockup facility is brought within audible range of such cell; provided, however, that no such electronic audio system is required to be installed if at least one such cell within such lockup facility is within audible range of the duty desk without electronic assistance.
>
> Each occupied cell within such a lockup facility should be physically or visibly checked by a law enforcement officer or other lockup personnel as often as is required by a reasonable standard of care of detainees. . . .

[3] Section 36C provides:

> All members of municipal police departments, and all uniformed members of the state police shall be trained in the detection, intervention and prevention of suicide. Said training shall include training in the nature and symptomatology of suicide, training in communicating with suicidal detainees, and training in appropriate suicide prevention techniques and emergency procedures. . . .
>
> All lockup facilities established pursuant to section thirty-four of chapter forty, or under the

5

A," at ¶¶ 7, 8, 9.) Plaintiff then alleges that Defendants had a duty under § 36B, that Defendants "failed to obey the requirements of this statute," and that that failure to obey Massachusetts law provides the basis for a claim under § 1983. (Complaint, at ¶ 13.)[4] At no time does Plaintiff's Complaint allege that Defendants violated a right protected by either the United States Constitution or United States law. Cruz-Erazo, 212 F.3d at 621.

In thus merely alleging violations of Massachusetts law regulating detention facilities, Plaintiff's Complaint fails to state a claim under § 1983 upon which relief can be granted against Defendants. "A regulatory violation, like a violation of state law, is not inherently sufficient to support a § 1983 claim." Boveri v. Saugus, 113 F.3d 4, 7 (1st Cir. 1997)(citations omitted). Indeed, "[e]ven bad-faith violations of state law are not necessarily tantamount to unconstitutional violations of due process." Amsden v. Moran, 904 F.2d 748, 757 (1st Cir. 1990)(citations omitted).

In this case, the fact that Healey died while in the detention facility does not *ipso facto* breathe life into a §

---

jurisdiction of the state police, shall establish written procedures to be followed in any situation which threatens or may threaten the safety of persons detained therein.

[4] Paragraph 13 of Plaintiff's Complaint mentions § 36B, but is silent as to § 36C.

1983 cause of action. Rather, Plaintiff still must allege violation of a constitutional right or federal law. This may also be seen by analyzing the criminal counterpart of § 1983, 18 U.S.C. § 242,[5] "likewise intended by Congress to enforce the [substantive due process] guarantees of the Fourteenth Amendment." Paul v. Davis, 424 U.S. 693, 699-700 (1976). In Screws v. United States, 325 U.S. 91 (1945), the Supreme Court analyzed the proper application of 18 U.S.C. § 242. "Violation of local law does not necessarily mean that federal rights have been invaded. The fact that a prisoner is assaulted, injured, or even murdered by state officials does not necessarily mean that he is deprived of any right protected or secured by the Constitution or laws of the United States." Id. at 108-9. The intent of the criminal counterpart of § 1983 was not "to make all torts of state officials [into] federal crimes. It brought within (the criminal provision) only specified acts 'under color' of law and then only those acts which deprived a person of some right secured by the Constitution or laws of the United States." Id. at 109 (emphasis supplied). The same is true of §

---

[5]   18 U.S.C. § 242 provides:

>   Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any inhabitant of any State, Territory, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States ... shall be fined not more that $1,000 or imprisoned not more than one year, or both; and if death results shall be subject to imprisonment for any term of years or for life.

1983 itself; were it otherwise, the substantive due process guarantees of the Fourteenth Amendment would become merely "a font of tort law to be superimposed upon whatever systems may already be administered by the States." Paul, 424 U.S. at 701.

Even assuming, arguendo, that Defendants did violate Mass. Gen. Laws c. 40, §§ 36B and 36C, it does not follow that Defendants therefore infringed Plaintiff's substantive due process rights so as to support a § 1983 claim. "It is bedrock law in [the First Circuit] ... that violations of state law -- even where arbitrary, capricious, or undertaken in bad faith -- do not, without more, give rise to a denial of substantive due process under the U.S. Constitution." Coyne v. City of Somerville, 972 F.2d 440, 444 (1st Cir. 1992)(citations omitted).

Accordingly, even if Defendants' alleged violations of Massachusetts law are assumed to have contributed to Plaintiff's death, such violations does not provide a basis for § 1983 liability. Therefore, Plaintiff's Complaint must be dismissed as legally insufficient.[6]

---

[6] Nor do Mass. Gen. Laws c. 40, §§ 36B and 36C themselves create a cause of action for violations of those statutes. Rocheleau v. Town of Millbury, 115 F. Supp. 2d 173 (D. Mass. 2000).

In Rocheleau, the plaintiff sued the town of Millbury and its police chief for injuries the plaintiff had "allegedly sustained while confined in a Millbury Police Department holding cell." Id. at 176. Specifically, the plaintiff claimed he had suffered shortness of breath and chest pain due to a lack of ventilation in his cell. Id. at 177. Thus, he claimed that the town and the chief had violated Mass. Gen. Laws c. 40, § 36B, which requires in pertinent part that "[e]ach occupied cell within … a lockup facility should be physically or visibly checked by a law enforcement officer or other lockup

IV. <u>CONCLUSION</u>.

For all the aforementioned reasons, Defendants are entitled to judgment on the pleadings contained in Plaintiff's Complaint, which should therefore be dismissed.

                                          CERTAIN POLICE OFFICERS OF THE CITY
                                          OF WORCESTER POLICE DEPARTMENT

                                          By their attorneys,
                                          David M. Moore
                                          City Solicitor


                                           /s/Donald V. Rider, Jr.
                                          Donald V. Rider, Jr. (BBO#549777)
                                          Assistant City Solicitor
                                          City Hall, Room 301
                                          455 Main Street
                                          Worcester, MA  01608
                                          (508) 799-1161

---

personnel as often as is required by a reasonable standard of care of detainees" and that "[a]dequate ventilation shall be provided to persons detained in the cell."

The Court (per Gorton, J.) rejected the <u>Rocheleau</u> plaintiff's claim that the defendants had failed to monitor his condition as required by § 36B. <u>Id.</u> at 182. The Court reasoned that § 36B did not "create a cause of action for alleged violation of its prescriptions." <u>Id.</u> A cause of action cannot be maintained against a city for the neglect of a public duty, unless the Massachusetts legislature expressly authorizes that cause of action. <u>Id.</u> (citing <u>Pettingell v. City of Chelsea</u>, 161 Mass. 368, 369-70 (1894). Accordingly, the Court ruled that § 36B "provides no basis for recovery by Rocheleau." <u>Id.</u>

Just as the Massachusetts legislature has not expressly authorized a cause of action for an alleged violation of § 36B, so too it has not for an alleged violation of § 36C. Thus, those statutes do not themselves provide a basis for recovery for Plaintiff. Nor, more to the point, can they form the basis of Plaintiff's § 1983 claim, as demonstrated above.

**CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that I served upon Plaintiff the within Memorandum of Law in Support of Defendants' Motion for Judgment on the Pleadings by mailing a copy of the same, postage prepaid, to Joseph M. Mahaney, Esquire, Goguen, McLaughlin, Richards & Mahaney, LLP, 2 Pleasant Street, South Natick, MA 01760 on this <u>30th</u> day of September, 2005.


                                            <u>/s/Donald V. Rider, Jr.</u>
                                            Donald V. Rider, Jr.
                                            Assistant City Solicitor