```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| PATRICIA WALLIS,<br>As Administratrix of the<br>Estate of T. Jeffrey Healey,<br>and next best friend,<br>    Plaintiff<br><br>v.<br><br>CERTAIN JOHN DOE POLICE<br>OFFICERS OF THE CITY OF<br>WORCESTER POLICE DEPARTMENT,<br>    Defendants | C.A. NO. 03-11318(FDS) |

## DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S RESPONSE TO DEFENDANTS' WRITTEN DISCOVERY

Defendants Certain John Doe Police Officers of the City of Worcester Police Department hereby move this Court, pursuant to Fed. R. Civ. P. 37(a), for an order to compel Plaintiff to respond to Defendants' written discovery (document request and interrogatories) within thirty (30) days of the date of that order.[1]

In support of this Motion, Defendants state that they propounded their written discovery (document request and interrogatories) on November 30, 2004. (See a true and accurate copy of Defendants' document request and interrogatories, attached hereto as "Exhibit A.") This written discovery was

---

[1] Simultaneously with this Motion to Compel, Defendants have also filed their Motion for Judgment on the Pleadings and supporting Memorandum of Law. In the event the latter Motion is allowed, the present Motion to Compel would become moot.

thus served in compliance with the Scheduling Order issued by this Court (per Saylor, J.) on August 6, 2004. (See a true and accurate copy of the Scheduling Order, attached hereto as "Exhibit B.")

In turn:

- Pursuant to the Scheduling Order, Plaintiff was to have served responses to the written discovery requests on or before January 17, 2005.

- Plaintiff failed to comply.

- Consequently, on March 16, 2005, Defendants sent a letter to Plaintiff, pursuant to LR 37.1(A). (See a true and accurate copy of Defendants' letter, attached hereto as "Exhibit C.") In that letter, Defendants specified, in part, that Plaintiff's discovery responses were overdue, and invited Plaintiff to "consider this letter as a request under LR 37.1 to confer." (See Exhibit C.)

- Plaintiff did not respond to Defendants' March 16, 2005 letter within seven (7) days, i.e., on or before March 23, 2005, as required by LR 37.1(A), although Plaintiff's did leave telephone voicemail messages on April 1 and April 5, 2005.

- On June 2, 2005, Defendants sent a letter to Plaintiff, confirming a telephone conference in which Plaintiff agreed

that her responses to Defendants' written discovery requests would be served "within an additional 45 days of May 31, 2005, i.e., on or before July 15, 2005." (See a true and accurate copy of Defendants' letter, attached hereto as "Exhibit D.")

- On July 15, 2005, Plaintiff left a voicemail message that she would serve her responses to Defendants' written discovery requests within an additional week, i.e., on or before July 22, 2005.

- Plaintiff has yet to serve her responses.

- Meanwhile, Plaintiff had moved this Court to extend the Scheduling Order. Defendants had opposed Plaintiff's motion on the basis that Plaintiff's indifference to the Scheduling Order was incompatible with the showing of diligence necessary to establish the good cause warranting an extension. By Order filed on July 8, 2005 (attached hereto as "Exhibit E"), this Court (per Saylor, J.) denied Plaintiff's motion because, for the reasons stated in Defendants' opposition, Plaintiff showed "no good cause to modify the discovery deadlines."

Plaintiff has exhibited the very same indifference to Defendants' written discovery requests, which were served on November 30, 2004, some 10 months ago. Her responses were originally due on or before January 17, 2005, some 8½ months

3

ago. Accordingly, Defendants move to compel Plaintiff's long-overdue compliance.

WHEREFORE, Defendants move this Court to issue an order to compel Plaintiff to respond to Defendants' written discovery (document request and interrogatories) within thirty (30) days of the date of that order.

                                       CERTAIN POLICE OFFICERS OF THE CITY
                                       WORCESTER POLICE DEPARTMENT

                                       By their attorneys,
                                       David M. Moore
                                       City Solicitor

                                       /s/Donald V. Rider, Jr.
                                       Donald V. Rider, Jr. (BBO#549777)
                                       Assistant City Solicitor
                                       City Hall, Room 301
                                       455 Main Street
                                       Worcester, MA  01608
                                       (508) 799-1161

### **RULE 37(a)(2)(B) AND LR 7.1(A)(2) CERTIFICATION**

I, the undersigned, hereby certify, pursuant to Fed. R. Civ. P. 37(a)(2)(B) and LR 7.1, that, on this 30th day of September, 2005, I conferred with counsel for Plaintiff in a good faith attempt to resolve or narrow the issues presented in this Motion.

                                       /s/Donald V. Rider, Jr.
                                       Donald V. Rider, Jr.
                                       Assistant City Solicitor

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I served upon Plaintiff the within Defendants' Motion to Compel Plaintiff's Response to Defendants' Written Discovery by mailing a copy of the same, postage prepaid, to Joseph M. Mahaney, Esquire, Goguen, McLaughlin, Richards & Mahaney, LLP on this <u>30th</u> day of September, 2005.

<u>/s/Donald V. Rider, Jr.</u>
Donald V. Rider, Jr.
Assistant City Solicitor
