A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-11318(FDS)

PATRICIA WALLIS,
As Administratrix of the
Estate of T. Jeffrey Healey,
and next best friend,
      Plaintiff

v.

CERTAIN JOHN DOE POLICE
OFFICERS OF THE CITY OF
WORCESTER POLICE DEPARTMENT,
      Defendants

DEFENDANTS' REQUEST FOR
PRODUCTION OF DOCUMENTS
PROPOUNDED TO PLAINTIFF

Defendants Certain John Doe Police Officers of the City of Worcester Police Department hereby request that Plaintiff Patricia Wallis, As Administratrix of the Estate of T. Jeffrey Healey, produce the following documents and tangible things for inspection, copying and testing, as applicable, at the offices of Donald V. Rider, Jr., Assistant City Solicitor, City Hall, Room 301, 455 Main Street, Worcester, MA 01608, within thirty (30) days of the date of service of this request, pursuant to Fed. R. Civ. P. 34.

**DEFINITIONS**

Defendants incorporate in this document request the definitions contained in LR 26.5.

**DOCUMENTS TO BE PRODUCED**

1. All documents supporting or tending to support the allegation that Patricia Wallis is the administratrix of the estate of T. Jeffrey Healey.

2. All documents supporting or tending to support the allegation that, on or about September 5, 2001, T. Jeffrey Healey was a suicide risk.

3. All documents showing or tending to show that T. Jeffrey Healey had attempted suicide prior to September 5, 2001.

4. All documents showing or tending to show that, prior to September 5, 2001, T. Jeffrey Healey had received medical and/or psychological care, treatment, therapy and/or consultation as a result of being a suicide risk or attempting suicide, including:

   a. the name and address of any and all persons or institutions from which he received such care, treatment, therapy or consultation;

   b. the dates of all care, treatment, therapy or consultations so received; and

   c. his prognoses after having received such care, treatment, therapy or consultations.

5. All documents showing or tending to show any and all illnesses, injuries, diseases, defects or operations which T. Jeffrey Healey had or suffered from 1991 to the date of his suicide, that were not related to his being a suicide risk or attempting suicide.

6. All documents supporting or tending to support the allegation in paragraph 5 of the Complaint that Defendants were aware, at the time they took T. Jeffrey Healey into custody on or about September 5, 2001, that he was a suicide risk.

7. All documents showing or tending to show that, on or about September 5, 2001, T. Jeffrey Healey suffered from mental disabilities.

8. All documents showing or tending to show that, prior to September 5, 2001, T. Jeffrey Healey had received medical and/or psychological care, treatment, therapy and/or consultation as a result of suffering from mental disabilities, including:

   a. the name and address of any and all persons or institutions from which he received such care, treatment, therapy or consultation;

   b. the dates of all care, treatment, therapy or consultations so received; and

   c. his prognoses after having received such care, treatment, therapy or consultations.

2

9. All documents supporting or tending to support the allegation in paragraph 6 of the Complaint that, on or about September 5, 2001, Defendants were on notice that T. Jeffrey Healey suffered from mental disabilities.

10. All documents supporting or tending to support the allegation in paragraph 7 of the Complaint that, on or about September 5, 2001, T. Jeffrey Healey was placed in a detention cell without the benefit of electronic audio or visual systems and protective coverings on bar structures.

11. All documents supporting or tending to support the allegation in paragraph 8 of the Complaint that, on or about September 5, 2001, T. Jeffrey Healey was not physically or visibly checked by police department personnel.

12. All documents supporting or tending to support the allegation in paragraph 9 of the Complaint that, on or about September 5, 2001, Defendants had actual notice of T. Jeffrey Healey's risk of suicide.

13. All documents supporting or tending to support the allegation in paragraph 9 of the Complaint that, on or about September 5, 2001, T. Jeffrey Healey was left with items on his person which contributed to his death.

14. All documents showing or tending to show the appropriate suicide prevention techniques or emergency procedures as alleged in paragraph 9 of the Complaint.

15. All documents identifying or tending to identify any witnesses to T. Jeffrey Healey's suicide.

16. All documents setting forth the substance of what any witness saw and/or heard concerning T. Jeffrey Healey's suicide.

17. All documents showing or tending to show that Plaintiff or someone on T. Jeffrey Healey's behalf had any conversation with any agent, servant, employee or consultant of the City of Worcester and/or the Worcester Police Department concerning T. Jeffrey Healey, either before or after the events alleged in your Complaint.

18. All documents supporting or tending to support the allegation in paragraph 15 of the Complaint that, as a direct result of Defendants' alleged conduct, T. Jeffrey Healey suffered conscious pain and suffering prior to his death.

3

19. All documents showing or tending to show that, as a result of T. Jeffrey Healey's suicide, Plaintiff herself received medical and/or psychological care, treatment, therapy and/or consultation, including:

   a. the name and address of any and all persons or institutions from which you received such care, treatment, therapy or consultation;

   b. the dates of all care, treatment, therapy or consultations so received; and

   c. itemized accounts of all expenses incurred due to all care, treatment, therapy or consultations so received.

20. All documents setting forth in itemized form all expenses or damages suffered by Plaintiff or incurred by anyone on Plaintiff's behalf or on T. Jeffrey Healey's behalf as a result of the events alleged in the Complaint, other than those produced in response to the above requests.

21. If Plaintiff is alleging that T. Jeffrey Healey sustained a diminished earning capacity as a result of the events alleged in Plaintiffs' Complaint, any and all documents evidencing or relating to his income for 1991 through the date of his suicide, including but not limited to United States Income Tax Returns and W-2 forms.

22. The complete curriculum vitae for each and every expert retained or consulted by Plaintiff and/or expected to be called by Plaintiff to testify at the trial of this case.

23. Any and all documents, including standards, periodicals, articles, books, pamphlets, monographs, treatises, regulations and other written memoranda, upon which each and every expert retained, consulted and/or expected to be called by Plaintiff relies or intends to rely at the trial of this case.

24. All pleadings, all motions and all discovery filed by all parties in every other lawsuit or judicial proceeding arising out of the events alleged in Plaintiffs' Complaint.

4

25. All documents, other than those responsive to the above Requests, and all tangible things that Plaintiff intends to introduce into evidence, and/or use for questioning witnesses, at the trial of the case at bar.

CERTAIN POLICE OFFICERS OF THE
CITY OF WORCESTER POLICE
DEPARTMENT

By their attorneys,
David M. Moore
City Solicitor

_____
Donald V. Rider, Jr.
(BBO#549777)
Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, MA 01608
(508) 799-1161

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I served upon Plaintiff the within Defendants' Request for Production of Documents Propounded to Plaintiff by mailing a copy of the same, postage prepaid, to Joseph M. Mahaney, Esquire, Goguen, McLaughlin, Richards & Mahaney, LLP, 2 Pleasant Street, South Natick, MA 01760 on this 30th day of November, 2004.

_____
Donald V. Rider, Jr.
Assistant City Solicitor

5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-11318(FDS)

PATRICIA WALLIS, )
As Administratrix of the )
Estate of T. Jeffrey Healey, )
and next best friend, )
    Plaintiff )
)
) DEFENDANTS' INTERROGATORIES
v. ) PROPOUNDED TO PLAINTIFF
)
CERTAIN JOHN DOE POLICE )
OFFICERS OF THE CITY OF )
WORCESTER POLICE DEPARTMENT, )
    Defendants )
)

    Defendants Certain John Doe Police Officers of the City of Worcester Police Department hereby propound their interrogatories upon Plaintiff Patricia Wallis, As Administratrix of the Estate of T. Jeffrey Healey, pursuant to Fed. R. Civ. P. 33.

**DEFINITIONS**

    Defendants incorporate in these interrogatories the definitions contained in LR 26.5. Particular attention is directed to LR 26.5(C)(8)'s definition of "state the basis," which provides:

    (8) State the Basis. When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall

        (a) identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(b) identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(c) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

(d) state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

Please also note that, as used in LR 26.5(C)(8), the words "document", "communication", "identify" (with respect to documents), "party" and "person" are further defined in LR 26.5(C).

### INTERROGATORIES

1. Please identify yourself fully, giving your full name, age, residence, social security number, occupation, your employer's name and address, both now and at the time of the alleged incident; if married, the full name and address of your spouse; and, if you have or had children, their full names and ages.

2. Please identify each person, other than your attorney, who participated in the preparation of these interrogatory answers, including that person's full name, age, residential address, and relationship to you.

3. Please identify the names and addresses of all individuals whom you know or believe have knowledge of any facts related to the allegations contained in your Complaint, and please set forth what you believe to be the substance of each person's knowledge.

2

4.  Please state the basis upon which you rely in alleging that, on or about September 5, 2001, T. Jeffrey Healey was a suicide risk.

5.  Please itemize any and all times prior to September 5, 2001 when T. Jeffrey Healey had attempted suicide.

6.  If, prior to September 5, 2001, T. Jeffrey Healey had received medical and/or psychological care, treatment, therapy and/or consultation as a result of being a suicide risk or attempting suicide, please give:

   a. the name and address of any and all persons or institutions from which he received such care, treatment, therapy or consultation;

   b. the dates of all care, treatment, therapy or consultations so received; and

   c. his prognoses after having received such care, treatment, therapy or consultations.

7.  Please describe fully and in complete detail, including dates, any and all illnesses, injuries, diseases, defects or operations which T. Jeffrey Healey had or suffered from 1991 to the date of his suicide, that were not related to his being a suicide risk or attempting suicide.

8.  Please state the basis upon which you rely in alleging in paragraph 5 of your Complaint that Defendants were aware, at the time they took T. Jeffrey Healey into custody on or about September 5, 2001, that he was a suicide risk.

9.  Please state the basis upon which you rely in alleging that, on or about September 5, 2001, T. Jeffrey Healey suffered from mental disabilities.

10. If, prior to September 5, 2001, T. Jeffrey Healey had received medical and/or psychological care, treatment, therapy and/or consultation as a result of suffering from mental disabilities, please give:

   a. the name and address of any and all persons or institutions from which he received such care, treatment, therapy or consultation;

   b. the dates of all care, treatment, therapy or

3

consultations so received; and

    c.   his prognoses after having received such care, treatment, therapy or consultations.

11. Please state the basis upon which you rely in alleging in paragraph 6 of your Complaint that, on or about September 5, 2001, Defendants were on notice that T. Jeffrey Healey suffered from mental disabilities.

12. Please state the basis upon which you rely in alleging in paragraph 7 of your Complaint that, on or about September 5, 2001, T. Jeffrey Healey was placed in a detention cell without the benefit of electronic audio or visual systems and protective coverings on bar structures.

13. Please state the basis upon which you rely in alleging in paragraph 8 of your Complaint that, on or about September 5, 2001, T. Jeffrey Healey was not physically or visibly checked by police department personnel.

14. Please state the basis upon which you rely in alleging in paragraph 9 of your Complaint that, on or about September 5, 2001, Defendants had actual notice of T. Jeffrey Healey's risk of suicide.

15. Please state the basis upon which you rely in alleging in paragraph 9 of your Complaint that, on or about September 5, 2001, T. Jeffrey Healey was left with items on his person which contributed to his death, specifying which items contributed in what way to his death.

16. Please describe the appropriate suicide prevention techniques or emergency procedures as alleged in paragraph 9 of your Complaint.

17. If there were any witnesses to T. Jeffrey Healey's suicide, please identify each witness by name and address.

18. Please state the substance of what any witness identified in your answer to Interrogatory No. 17 saw and/or heard concerning T. Jeffrey Healey's suicide.

19. If you or anyone on T. Jeffrey Healey's behalf had any conversation with any agent, servant, employee or consultant of the City of Worcester and/or the Worcester Police Department concerning T. Jeffrey Healey, either before or after the events

4

alleged in your Complaint, please set forth in as much detail as possible the substance of each such conversation and the names of all individuals present during each such conversation.

20. Please state the basis upon which you rely in alleging in paragraph 15 of your Complaint that, as a direct result of Defendants' alleged conduct, T. Jeffrey Healey suffered conscious pain and suffering prior to his death.

21. If, as a result of T. Jeffrey Healey's suicide, you yourself received medical and/or psychological care, treatment, therapy and/or consultation, please give:

   a. the name and address of any and all persons or institutions from which you received such care, treatment, therapy or consultation;

   b. the dates of all care, treatment, therapy or consultations so received; and

   c. itemized accounts of all expenses incurred due to all care, treatment, therapy or consultations so received.

22. Please state in itemized form all expenses or damages suffered by you or incurred by anyone on your behalf or on T. Jeffrey Healey's behalf as a result of the events alleged in your Complaint, other than those set forth in the answers to the above interrogatories.

23. Please identify each person you expect to call as an expert witness on your behalf at the trial of this action, including each expert's address, and the nature of the issue on which each expert will be called to testify.

5

24. With respect to each expert witness you identified in answer to Interrogatory No. 23, please state:

a. the substance of the facts and opinions to which each such expert is expected to testify;

b. a summary of the grounds for each opinion of each such expert, including any observations or tests conducted by each expert; and

c. all documents upon which each such expert relies or makes reference to in his or her opinion.

CERTAIN POLICE OFFICERS OF THE
CITY OF WORCESTER POLICE
DEPARTMENT

By their attorneys,
David M. Moore
City Solicitor

_____
Donald V. Rider, Jr.
(BBO#549777)
Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, MA 01608
(508) 799-1161

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I served upon Plaintiff the within Defendants' Interrogatories Propounded to Plaintiff by mailing a copy of the same, postage prepaid, to Joseph M. Mahaney, Esquire, Goguen, McLaughlin, Richards & Mahaney, LLP, 2 Pleasant Street, South Natick, MA 01760 on this ___ day of November, 2004.

_____
Donald V. Rider, Jr.

6

B

(6) all dispositive motions, including motions for summary judgment, are to be filed by 9/30/05 and responses are to be filed fourteen (14) days thereafter pursuant to Local Rule 7.1;

(7) discovery is to be completed by 8/31/05, unless shortened or enlarged by Order of this Court.

(8) A final pretrial conference will be held on December 8, 2005 at 3:00p.m, and must be attended by trial counsel. Counsel shall be prepared to commence trial as of the date of the final pretrial conference.

All provisions and deadlines contained in this order having been established with the participation of the parties to this case, any requests for modification must be presented to the judge or magistrate judge, if referred for case management proceedings. Any requests for extension will be granted only for good cause shown supported by affidavits, other evidentiary materials, or reference to pertinent portions of the record. The request shall be made by motion and shall contain the reasons for the request, a summary of the discovery which remains to be taken, and a date certain when the requesting party will complete the additional discovery, join other parties, amend the pleadings or file motions. The Court may then enter a final scheduling order, if necessary.

Counsel are encouraged to seek an early resolution of this matter. Additional case management conferences may be scheduled by the court or upon the request of counsel, if the Court can be of assistance in resolving preliminary issues or in settlement.

By the Court,

8/6/04
Date

/s/ Martin Castles
Deputy Clerk
508-929-9904



**CITY OF WORCESTER**
LAW DEPARTMENT
CITY HALL, ROOM 301
WORCESTER, MASSACHUSETTS 01608

DAVID M. MOORE
CITY SOLICITOR

TELEPHONE
(508) 799-1161
FACSIMILE NUMBER
(508) 799-1163

March 16, 2005

Joseph M. Mahaney, Esquire
Goguen, McLaughlin, Richards & Mahaney, LLP
2 Pleasant Street
South Natick, MA  01760

Re: Patricia Wallis, As Administratrix of the Estate of
    T. Jeffrey Healey, and next best friend v. Certain John
    Doe Police Officers of the City of Worcester Police
    Department
    C.A. No. 03-11318(FDS)

Dear Mr. Mahaney:

   I am in receipt of your client's document request and interrogatories, served on February 28, 2005. Please be advised that the Court's Scheduling Order required that all written discovery requests were to have been served by November 30, 2004. Accordingly, your client's written discovery requests are not in compliance with the Scheduling Order.

   In addition, your client's response to Defendants' document requests, served on November 30, 2004, was due January 3, 2005, and her answers to Defendants' interrogatories, also served on November 30, 2004, were due January 18, 2005. Please consider this letter as a request under LR 37.1 to confer.

   Lastly, enclosed please find a copy of Supplement to Defendants' Automatic Required Disclosures.

   Thank you for your attention to this matter.

                              Very truly yours,

                              Donald V. Rider, Jr.
                              Assistant City Solicitor

Enclosure

E-Mail: law@ci.worcester.ma.us

D



**CITY OF WORCESTER**
LAW DEPARTMENT
CITY HALL, ROOM 301
WORCESTER, MASSACHUSETTS 01608

TELEPHONE
(508) 799-1161
FACSIMILE NUMBER
(508) 799-1163

DAVID M. MOORE
CITY SOLICITOR

June 2, 2005

Theodore H. Goguen, Jr., Esquire
Goguen, McLaughlin, Richards & Mahaney, LLP
2 Pleasant Street
South Natick, MA  01760

Re: Patricia Wallis, As Administratrix of the Estate of
    T. Jeffrey Healey, and next best friend v. Certain John
    Doe Police Officers of the City of Worcester Police
    Department
    C.A. No. 03-11318(FDS)

Dear Mr. Goguen:

This is to confirm our telephone conference with Attorney Mahaney on Tuesday, May 31, 2005 that, in response to Defendants' written discovery served on November 30, 2004, you and Attorney Goguen have agreed that your client's document responses and interrogatory answers, which were originally due January 17, 2005, will be served within an additional 45 days of May 31, 2005, i.e., on or before July 15, 2005.

Thank you for your attention to this matter.

Very truly yours,

Donald V. Rider, Jr.
Assistant City Solicitor

E-MAIL: law@ci.worcester.ma.us

E

Rider, Donald V. Jr.

**From:** ECFnotice@mad.uscourts.gov
**Sent:** Monday, July 11, 2005 9:23 AM
**To:** CourtCopy@mad.uscourts.gov
**Subject:** Activity in Case 4:03-cv-11318-FDS Wallis v. Certain John Doe Police Officers of the City of Worcester Police Department "Order on Motion for Extension of Time to Complete Discovery"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

# United States District Court

## District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Castles, Martin entered on 7/11/2005 at 9:23 AM EDT and filed on 7/8/2005

**Case Name:** Wallis v. Certain John Doe Police Officers of the City of Worcester Police Department
**Case Number:** 4:03-cv-11318
**Filer:**
**Document Number:**

**Docket Text:**
Judge F. Dennis Saylor IV: Electronic ORDER entered denying [12] Motion for Extension of Time to Complete Discovery for reasons stated in defendant's opposition. Plaintiffs have shown no good cause to modify the discovery deadlines. (Castles, Martin)

The following document(s) are associated with this transaction:

**4:03-cv-11318 Notice will be electronically mailed to:**

Theodore H. Goguen, Jr   tgoguen@gmrmlaw.com

Donald V. Rider, Jr   riderd@ci.worcester.ma.us

**4:03-cv-11318 Notice will not be electronically mailed to:**

Joseph M. Mahaney
Goguen, McLaughlin, Richards & Mahaney, LLP
2 Pleasant Street
South Natick, MA 01760

7/11/2005