UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PATRICIA WALLIS, As Administratrix )
of the ESTATE OF T. JEFFREY HEALEY, and )
next best friend. )
    *Plaintiff* )
)
v )    **CIVIL ACTION**
)    **DOCKET NO.: 03-11318-FDS**
)
CERTAIN JOHN DOE POLICE OFFICERS )
OF THE CITY OF WORCESTER POLICE )
DEPARTMENT )
    *Defendant* )

## PLAINITFF, PATRICIA WALLIS, AS ADMINISTRATRIX OF THE ESTATE OF T. JEFFREY HEALEY, AND NEXT BEST FRIEND'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS, CERTAIN JOHN DOE POLICE OFFICERS OF THE CITY OF WORCESTER POLICE DEPARTMENT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff, Patricia Wallis, as Administratix of the Estate of T. Jeffrey Healey, and next best friend, ("Plaintiff") hereby submits her Memorandum of Law In Support of Plaintiff's Opposition to Defendants, Certain John Doe Police Officers of the City of Worcester Police Departments' ("Defendants") Motion for Judgment on the Pleadings contending that Defendants Motion should be DENIED for the reasons set forth herein.

### I.    STATEMENT OF FACTS

Plaintiff brought this action on behalf of the Estate of T. Jeffrey Healey ("Healey"), her deceased son. Plaintiff has been appointed as the Administratrix of the Estate of T. Jeffrey Healey. On or about September 5, 2001 Healey was taken into custody by Defendants and the Worcester Police Department. At this time Defendants

1

were on notice that Healey suffered from mental disabilities, Healey posed a serious danger to himself, and was a suicide risk. Upon being taken into custody by Defendnats Healey was placed in a detention cell at the Worcester Police Department without the benefit of electronic audio or visual systems and protective coverings on bar structures to prevent injury to himself in violation of G.L. c. 40 §36B. Healey's cell was not physically or visibly checked by police department personnel as required under a reasonable standard of care pursuant to G.L. c. 40 §36B. The defendants failed to intervene or prevent the suicide of Healey despite having actual notice of Healey's risk of suicide. Healey was left with items on his person which contributed to his death in direct violation of G.L. c. 40 §36C. The Emergency Medical Services failed in their attempts to revive him, and Healey died of strangulation on or about September 5, 2001.

Plaintiff has brought a 42 U.S.C. § 1983 claim against Defendants alleging that their conduct violated Healey's federally protected civil rights. *See* Complaint ¶ 17.

## II. ARGUMENT

### A. STANDARD FOR JUDGMENT ON THE PLEADINGS

Federal Rule of Civil Procedure 12(c) allows a party, "after the pleadings are closed but within such time as not to delay the trial, to move for judgment on the pleadings." But, because rendition of judgment in such an abrupt fashion represents an extremely early assessment of the merits of the case, the trial court must accept all of the nonmovant's well-pleaded factual averments as true and draw all reasonable inferences in his favor. (citations omitted). Finally, the court may not grant a defendant's Rule 12(c) motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief." Id. (*See also* George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp., 554 F.2d 551, 553 (2d Cir. 1977) (*quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

In ruling on motion for judgment on pleadings, adequacy of pleadings to state cause of action upon which plaintiff can recover as matter of law is question determined by Federal Rules, rather than state law, and these rules require **only** that pleading put defendant on notice of claim to be proved. Smith v. Shaffer Stores, Co., 28 F.R.D. 308 (E.D.PA. 1961).

Defendants Motion for Judgment on the Pleadings falls far short of meeting these standards and thus should be denied.

### B. PLAINTIFF HAS SET FORTH A PROPER CAUSE OF ACTION UNDER 42 U.S.C. § 1983.

Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.[1]

To assert a cause of action under section 1983, plaintiff must allege each of the following three elements: First, that the conduct complained of was committed by a person acting under color of state law; Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States;

---

[1] Section 1983 of Title 42 of the United States Code; Gonzaga Univ. v. Doe, 122 S. Ct. 2268 (2002).

3

and, Third, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff. Parratt v. Taylor, 451 U.S. 527 (1981); see also Martinez-Velez v. Simonet, 919 F.2d 808 (1st Cir. 1990).

Plaintiff's Complaint sets forth a proper and viable civil rights claim against the Defendants pursuant to 42 U.S.C. § 1983.

Plaintiff has properly alleged that the Defendants were at all relevant times, police officers with the City of Worcester Police Department thus satisfying the element that the conduct complained of was committed by a person acting under color of state law. *See* Complaint ¶ 4. Plaintiff sufficiently alleged that the Defendants' conduct deprived Healey of his "federally protected rights" and therefore satisfied the second element of her 1983 claim. *See* Complaint ¶¶ 11-17. Finally, Plaintiff sufficiently alleged that Defendants conduct was the direct result or proximate cause of Healey's death, which satisfies the third element of her 1983 claim. See Complaint ¶ 15.

Based upon the foregoing Plaintiff's cause of action pursuant to 42 U.S.C. § 1983 has been sufficiently plead. This Court should deny Defendants' Motion as they have not established that it appears beyond doubt that the Plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Martin Rivera-Gomez, 843 F.2d. 631 (1st. Cir. 1988).

C. **PLAINTIFF HAS SUFFICIENTLY PLEAD HER 42 U.S.C. § 1983 CAUSE OF ACTION.**

Defendants' argument that Plaintiff alleges violations of state law to support her 1983 claim is mistaken. Pursuant to the Federal Rules of Civil Procedure Plaintiff has properly plead her 1983 claim against the Defendants.

The Federal Rules of Civil Procedure require <u>only</u> that the pleading puts the defendant on notice of the claim to be proved. <u>Smith v. Shaffer Stores, Co.</u>, 28 F.R.D. 308 (E.D.PA. 1961). Federal Rules of Civil Procedure permit conclusory pleading and a motion for a more definite statement of a party's claims may be obtained under Rule 12(e). <u>O.T. Chiaffitelli v. Dettmer Hospital, Inc.</u>, 437 F.2d 429 (6th Cir. 1971).[2] In <u>O.T. Chiaffitelli</u>, the Sixth Circuit held the lower court committed error in dismissing plaintiff's complaint on grounds that it was conclusory and vague and stated that other means exist under the Federal Rules for exposing conclusory pleadings before time-consuming process of trial begins. <u>Id</u>. Furthermore, indefiniteness of a complaint is not grounds for dismissal, and if defendant needs additional information, procedure provided by the rules is a motion for more definite statement. <u>Bowles v. Wheeler</u>, 152 F.2d 34 (9th Cir. 1945).

As stated herein, Plaintiff has sufficiently set forth and plead her 1983 cause of action. Defendants' argument, which rests solely on the premise that Plaintiff alleges violations of Massachusetts law to support her 1983 claim is inaccurate and erroneous.[3]

---

[2] In the event Defendants respond to this opposition asserting that Plaintiff's complaint was too conclusory or vague they should be estopped. Federal Rule of Civil Procedure 12(e) provides "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Prior to filing their Answer, Defendants could have moved for a more definite statement if they believed Plaintiff's Complaint was too conclusory or vague. A complaint should not be dismissed for insufficiency if the defect consists of failure to plead matters which might be furnished on motion for more definite statement, but plaintiff should be required to amend complaint. <u>Kaesbey & Mattison, Co. v. Rothensies</u>, 1 F.R.D. 626 (E.Dis.PA 1941). In addition to moving for a more definite statement, Defendants could discovery which federal rights they are alleged to have violated through discovery.

[3] Defendants' sole argument in their Motion for Judgment on the Pleadings is that Plaintiff has alleged violations of Massachusetts law to establish her 1983 claim. Plaintiff's assertions that Defendants were acing under the color of law and that Defendants conduct was the proximate cause of Plaintiff's injuries are not contested in Defendants' Motion. <u>Parratt v. Taylor</u>, 451 U.S. 527 (1981); see also <u>Martinez-Velez v. Simonet</u>, 919 F.2d 808 (1st Cir. 1990).

5

Case 4:03-cv-11318-FDS    Document 19-1    Filed 11/14/2005    Page 6 of 8

Plaintiff's Complaint has adequately established that the violations were of "federally protected rights." *See* Complaint ¶ 17.

Plaintiff has asserted in her Complaint that "defendants' actions and failures to act when they had a duty to do so amounted to deliberate indifference to Healey's **civil rights** in violation of 42 U.S.C. § 1983." *See* Complaint ¶ 13. (Emphasis supplied). Plaintiff also alleged that "defendants acted recklessly or with callous indifference to Healy's **rights**." *See* Complaint ¶ 14. (Emphasis supplied). In the event the foregoing assertions are found to be ambiguous, Plaintiff clearly established that "defendants' conduct was reckless and/or constituted callous indifference to Healey's **federally protected rights**." *See* Complaint ¶ 17. (Emphasis supplied). Therefore, Plaintiff has sufficiently stated that Defendants' conduct violated Healey's federally protected rights, satisfying Plaintiff's civil rights claim.

Defendants, furthermore, could easily discover which federal rights they have been accused of violating in this case by conducting proper discovery.

Thus in accordance with the Federal Rules of Civil Procedure, which permits conclusory pleading[4], Plaintiff's Complaint and allegations set forth therein has sufficiently put the Defendants on notice of the 1983 claim. This Court accepting all of Plaintiff's well-pleaded factual averments as true and drawing all reasonable inferences in Plaintiff's favor should deny Defendant's Motion. Martin Rivera-Gomez v. Rafael Adolfo De Castro, 843 F.2d. 631 (1st. Cir. 1988).

---

[4] O.T. Chiaffitelli v. Dettmer Hospital, Inc., 437 F.2d 429 (6th Cir. 1971).

6

**D.    IN THE ALTERNATIVE PLAINTIFF SHOULD BE ALLOWED TO AMEND HER COMPLAINT**

In the alternative Plaintiff should be allowed to amend her Complaint in order to specify which Constitutional rights have been violated.

Federal Rule of Civil Procedure 15 provides in relevant part: "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. The district court clearly has broad discretion in ruling on a motion to amend the pleadings. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971); Johnston v. Holiday Inns, Inc., 595 F.2d 890, 896 (1st Cir. 1979). The federal rules specify that such discretion should be exercised in favor of allowing amendment "when justice so requires." Fed. R. Civ. P. 15(a). Purpose of Rule 15 is to assist disposition of litigation on merits rather than have pleadings become ends in themselves. Summit Office Park, Inc. v United States Steel Corp. 639 F2d 1278 (Tex 1981).

A complaint should not be dismissed for insufficiency if the defect consists of failure to plead matters which might be furnished on motion for more definite statement, but plaintiff should be required to amend complaint. Kaesbey & Mattison, Co. v. Rothensies, 1 F.R.D. 626 (E.Dis.PA 1941).

In addition to the foregoing arguments, Plaintiff asserts that she should be allowed to amend her Complaint to specify which constitutional right was violated. Plaintiff attaches hereto Plaintiff's Proposed First Amended Complaint.

## III. CONCLUSION

WHEREFORE Plaintiff respectfully requests this Honorable Court deny Defendants' Motion for Judgment on the Pleadings as Defendants have not met their burden and Plaintiff has sufficiently plead her 42 U.S.C. § 1983 claim.

> Respectfully Submitted:
> Plaintiff,
> By Her Attorneys:
>
> /s/ *Theodore H. Goguen, Jr., Esq.*
> /s/ *Joseph M. Mahaney, Esq.*
>
> _____
> Theodore H. Goguen, Jr., Esq.
> BBO # 196740
> Joseph M. Mahaney, Esq.
> BBO # 549042
> GOGUEN, MCLAUGHLIN, RICHARDS,
> & MAHANEY, LLP
> 2 Pleasant Street
> S. Natick, MA 01760
> (508) 651-1000

Dated: November 14, 2005

## CERTIFICATE OF SERVICE

We hereby certify that a true copy of the above document was served upon Donald V. Rider, Jr., Esquire, Assistant City Solicitor, City of Worcester, Law Department, City Hall, Room 301, Worcester, MA 01608, the attorney of record for the Defendants by first class mail this 14th day of November 2005.

> /s/ *Theodore H. Goguen, Jr., Esq.*
> /s/ *Joseph M. Mahaney, Esq.*
>
> _____
> Theodore H. Goguen, Jr., Esq.
> Joseph M. Mahaney, Esq.