UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICIA WALLIS, As Administratrix of the ESTATE OF T. JEFFREY HEALEY, and next best friend.<br>    *Plaintiff*<br><br>v<br><br>CERTAIN JOHN DOE POLICE OFFICERS OF THE CITY OF WORCESTER POLICE DEPARTMENT<br>    *Defendant* | **CIVIL ACTION**<br>**DOCKET NO.: 03-11318-FDS** |

## PLAINTIFF'S PROPOSED FIRST AMENDED COMPLAINT

### Preliminary Statement

1. This is an action brought by the Administratrix of the estate of T. Jeffrey Healey (hereinafter referred to as "Healey"). A twenty three year old male who died while in police custody at the City of Worcester Police Department. The Plaintiff seeks damages, both compensatory and punitive under 42 U.S.C. section 1983. The plaintiff also seeks attorney's fees, interest and costs.

### Jurisdiction

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. section 1331, since it arises under 42 U.S.C. section 1983. This matter involves more than fifty thousand ($50,000.00) dollars.

### Statement of Facts

3. The plaintiff, Patricia Wallis, (hereinafter "plaintiff") resides in the Town of Upton, Worcester County, Commonwealth of Massachusetts and brings this action on behalf of the Estate of T. Jeffrey Healey, her deceased son. Patricia Wallis was duly appointed as the Administratrix of the Estate of T. Jeffrey Healey by the Middlesex Probate and Family Court.

4. The defendants, Certain John Doe Police Officers of the City of Worcester Police Department (hereinafter "defendants") are individuals who were at

1

all relevant times, police officers with the City of Worcester Police Department, Worcester, Massachusetts, and who maintain business addresses at the Worcester Police Department, Worcester, Massachusetts.

5. T. Jeffrey Healey was taken into custody by the Worcester Police Department on or about September 5, 2001. The defendants were aware that Healey was a suicide risk.

6. The defendants were on notice that Healey suffered from mental disabilities, that Healey posed a serious danger to himself and was a suicide risk.

7. Healey was placed in a detention cell without the benefit of electronic audio or visual systems and protective coverings on bar structures to prevent injury to himself in violation of G.L. c. 40 §36B.

8. Healey's cell was not physically or visibly checked by police department personnel as required under a reasonable standard of care pursuant to G.L. c. 40 §36B.

9. The defendants failed to intervene or prevent the suicide of Healey, after having actual notice of Healey's risk of suicide (either appropriate suicide prevention techniques or emergency procedures). Healey was left with items on his person which contributed to his death in direct violation of G.L. c. 40 §36C.

10. Despite Emergency medical Services attempts to revive him, Healey died of strangulation on or about September 5, 2001. His parents have lost their son.

## COUNT I

11. The plaintiff, Patricia Wallis, as Administratrix of the estate of T.Jeffrey Healey, hereby incorporates by reference paragraphs 1 through 11 as if specifically set forth herein.

12. The defendants had actual knowledge of Healy's suicide risk, his mental depression, and his willingness to attempt suicide. The defendants had actual knowledge and/or were willfully blind to the unusually serious risk that Healy would self inflict harm or commit suicide.

13. The defendants failed to take obvious and reasonable steps to address the known and serious risk. The defendants had a duty under G.L. c. 40 §36B to take special precautions to protect and monitor Healey in their detention facility. The defendants failed to obey the requirements of this statute. The defendants actions and failures to act when they had a duty to do so

amounted to deliberate indifference to Healey's civil rights in violation of 42 U.S.C. §1983.

14. The defendants acted recklessly or with callous indifference to Healy's rights.

15. As a direct result of the violations by the defendants, T.Jeffrey Healey suffered severe conscious pain and suffering, and lost his life.

16. The acts and/or omissions of defendants constitute a violation of T.Jeffrey Healey's civil rights guaranteed under the Fourteenth Amendment to the United States Constitution.

### COUNT II

17. The Plaintiff, Patricia Wallis, as Administratrix of the Estate of T.Jeffrey Healey, hereby incorporates by reference paragraphs 1 through 11 as if specifically set forth herein.

18. Because the defendants' conduct was reckless and/or constituted callous indifference to Healey's civil rights guaranteed under the Fourteenth Amendment to the United States Constitution, they are liable to his estate for punitive damages under 42 U.S.C. §1983.

WHEREFORE, the plaintiff, Patricia Wallis, as Administratrix of the Estate of T.Jeffrey Healey, demands judgement for punitive damages, interests, costs and attorney's fees against the individually named defendants.

WHEREFORE, the plaintiff respectfully prays that this Court:

(1) Enter judgement in his favor against each and every Defendant jointly and severally;

(2) Award damages as set forth above and as determined by the Court;

(3) Double and/or treble said amounts where provided by statute and award punitive as well as other statutory damages;

(4) Award interest, costs and attorney's fees to Plaintiff;

PLAINTIFF DEMANDS A TRIAL BY JURY.

3

                                            Respectfully submitted
                                            The Plaintiff,
                                            by her Attorneys,

                                            /s/ *Theodore H. Goguen, Jr., Esq.*

                                            Theodore H. Goguen, Jr. Esq.
                                            BBO# 196740
                                            Goguen, McLaughlin, Richards
                                            & Mahaney, LLP
                                            2 Pleasant Street
                                            South Natick, MA 01760
                                            (508) 651-1000


                                            /s/ *Joseph M. Mahaney, Esq.*

                                            Joseph M. Mahaney, Esq.
                                            BBO# 549042
                                            Goguen, McLaughlin, Richards
                                            & Mahaney, LLP
                                            2 Pleasant Street
                                            South Natick, MA 01760
                                            (508) 651-1000

Dated: November 14, 2005

4