**ATTACHMENT 1**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-11318(FDS)

| | |
|---|---|
| PATRICIA WALLIS, </br>As Administratrix of the </br>Estate of T. Jeffrey Healey, </br>and next best friend, </br>       Plaintiff </br></br>v. </br></br>CERTAIN JOHN DOE POLICE </br>OFFICERS OF THE CITY OF </br>WORCESTER POLICE DEPARTMENT, </br>       Defendants | DEFENDANTS' BRIEF </br>IN REPLY TO PLAINTIFF'S </br>OPPOSITION TO </br>DEFENDANTS' MOTION </br>FOR JUDGMENT ON THE </br>PLEADINGS |

I.   INTRODUCTION.

Defendants Certain John Doe Police Officers of the City of Worcester Police Department hereby submit their brief in reply to Plaintiff's Opposition to Defendants' Motion For Judgment on the Pleadings.  That Opposition is wholly devoid of merit.

II.  ARGUMENT.

   A.   Given Plaintiff's Own Explicit Rule 26(a)(2) Concession That State Law Is, In Truth, The Impermissible Basis For Her § 1983 Claim, Her Legally Insufficient Complaint Should Be Dismissed.

Defendants' Motion for Judgment on the Pleadings demonstrates that Plaintiff's Complaint fails to state a claim under 42 U.S.C. § 1983 because that Complaint merely alleges violation of Massachusetts law, i.e., Mass. Gen. Laws c. 40, §§

36B and 36C. In trying to escape the legal insufficiency of her § 1983 claim predicated merely on alleged violation of state law, Plaintiff asserts (Opposition, at 4) that ¶¶ 11-17 of the Complaint alleges violation of the decedent's "federally protected rights." Thus, Plaintiff attempts to disavow having based her § 1983 claim on violations of §§ 36B and 36C.

But that attempted disavowal is sheer pretense, for several reasons. To begin with, Plaintiff's own Fed. R. Civ. P. 26(a)(2) designation of expert witnesses (attached hereto as "Exhibit A")[1] explicitly concedes the following:

> The above experts will testify as to the reasonable standard of care <u>pursuant to M.G.L. c. 40§§ 36(B) and (C)</u> [sic] and any other rules and regulations relative to the reasonable care and retention of detainees.

---

[1]  "Normally, courts cannot consider documents not attached to, or expressly referenced by, the complaint unless the motion is properly converted into one for summary judgment under Fed. R. Civ. P. 56." <u>Chief Justice Cushing Highway Corporation v. Limbacher</u>, 145 F. Supp. 2d 108, 110 (D. Mass. 2001)(discussing motion brought under Fed. R. Civ. P. 12(b)(6)). Likewise, pursuant to Rule 12(c), if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." However,

> [a] narrow exception … exists for '<u>documents the authenticity of which are not disputed by the parties</u>; for official public records; or for documents sufficiently referred to in the complaint.'

<u>Chief Justice Cushing Highway Corporation</u>, 145 F. Supp. 2d at 110 (citation omitted)(emphasis supplied). Clearly, Plaintiff's Rule 26(a)(2) expert witness designation is a document "'the authenticity of which … [is] not disputed by the parties.'" Thus, this Court may consider that Rule 26(a)(2) designation without converting Defendants' Rule 12(c) Motion into one for summary judgment.

(Emphasis supplied.)  Thus, Plaintiff's theory of the case is inescapably based on alleged violation of state law,[2] not on violation of "federally protected rights."[3]

Moreover, Plaintiff baldly asserts that ¶¶ 11-17 of the Complaint allege violations of the decedent's "federally protected rights."  However, the Complaint's sole reference to "federally protected rights" occurs in ¶ 17.  Paragraph 17 is contained in Count II.  Count II differs from Count I in asking for punitive damages (Complaint, at ¶ 17), whereas Count I asks for compensatory damages due to the decedent's allegedly conscious pain and suffering (Complaint, at ¶ 15).  Thus, Count I itself fails to make any reference to "federally protected rights."[4]  This failure, in and of itself, renders Count I

---

[2]     'State law' here includes not only Mass. Gen. Laws c. 40, §§ 36B and 36C, but also, according to Exhibit A, the "rules and regulations relative to the reasonable care and retention of detainees," which are promulgated at 105 C.M.R. 470.000, et seq.

[3]     Plaintiff also asserts (Opposition, at 6) that "Defendants … could easily discover which federal rights they have been accused of violating in this case by conducting proper discovery."  The issue at bar is one of the Complaint's legal insufficiency, not one of discovery.  Yet, would that such "proper discovery" were so easy:  because Plaintiff has utterly failed to respond to either the document request or the interrogatories propounded upon her over 1 year ago (on November 30, 2004), Defendants have been forced to file their Motion to Compel Plaintiff's Response to Defendants' Written Discovery, which is currently pending before this Court.

[4]     Paragraph 13 of Count I does mention the decedent's "civil rights."  This is still legally insufficient.  In granting a Rule 12(b)(6) motion to dismiss the complaint of a pro se plaintiff, this Court (per Gorton, J.) held that, "[i]n order to state a claim for relief, the plaintiffs must identify which right or rights secured to them by the [U.S.] Constitution has or have been violated."  Fease v. Town of Shrewsbury, 188 F. Supp. 2d 16, 18 (D. Mass. 2002).  Given that pro se complaints are held to "'less stringent

legally insufficient.[5] Further, while Count II does make a reference to "federally protected rights," punitive damages cannot be awarded (under Count II) in the absence of establishing liability for compensatory or nominal damages (under Count I). <u>Powell v. Alexander</u>, 391 F.3d 1, 18 (1st Cir. 2004)(citing <u>Kerr-Selgas v. American Airlines, Inc.</u>, 69 F.3d 1205, 1214 (1st Cir. 1995)). Since Count I is legally insufficient (for failing to make any reference to "federally protected rights"), no liability for compensatory damages would be available as the legal predicate for a punitive damages award in Count II, rendering Count II legally insufficient as well. In any event, Count II incorporates by reference ¶¶ 1 through 11 of the Complaint, and thus skips ¶¶ 12 through 15 that comprise Count II; accordingly, the Complaint explicitly seeks punitive damages in the absence of establishing liability for compensatory or nominal damages.

Undeterred, Plaintiff claims (Opposition, at 5) her entitlement to "conclusory pleading," relying upon <u>O.T. Chiaffitelli v. Dettmer Hospital, Inc.</u>, 437 F.2d 429 (6th Cir.

---

standards than formal pleadings drafted by lawyers,'" <u>id.</u> at 17 (citation omitted)(emphasis supplied), all the <u>more</u> reason exists that Count I of Plaintiff's lawyer-drafted Complaint is legally insufficient.

[5] Plaintiff concedes as much in her proposed First Amended Complaint where, for the very first time, she is careful to add to Count I (at proposed ¶ 16) the alleged violation of "federally protected rights," i.e., the Fourteenth Amendment.

1971).  Whatever the law was in the Sixth Circuit in 1971, the law in the First Circuit today requires "more than conclusions or subjective characterizations."  Eggert v. The Merrimac Paper Company, Inc., 311 F. Supp. 2d 245, 257 (D. Mass. 2004)(discussing Fed. R. Civ. P. 12(b)(6)).  "[N]otice pleading notwithstanding, Rule 12(b)(6) is not entirely a toothless tiger. … Minimal [pleading] requirements are not tantamount to nonexistent requirements."  Educadores Puertorriquenos En Accion v. Hernandez, 367 F.3d 61, 67-8 (1st Cir. 2004)(citations and internal quotations omitted)(emphasis supplied).

Thus, merely asserting that "[t]he defendants were aware that Healey was a suicide risk" (Complaint, at ¶ 5), and then merely re-asserting that "[t]he defendants were on notice that Healey suffered from mental disabilities, that Healey posed a serious danger to himself and was a suicide risk" (Complaint, at ¶ 6), is no more than a conclusory pleading unsanctioned by First Circuit law.  In particular, that the decedent allegedly was "a suicide risk" says nothing as to whether that alleged risk was strongly likely or merely possible, and therefore fails to satisfy the First Circuit's 'deliberate indifference' requirement that there be a "strong likelihood, rather than [a] mere possibility, that self-infliction of harm will occur."  Torraco v. Maloney, 923 F.2d 231, 236 (1st Cir. 1991).  See also

Burke v. Town of Walpole, 2004 WL 507795 (D. Mass. 2004), at * 9 ("merely asserting the existence of a conspiracy by pleading the conclusory word, 'conspiracy,' does not make the day. … Plaintiff's use of the magic talisman, 'conspired,' … against a backdrop of an allegation that it was the 'Defendants' (without any specificity as to which Defendants, if any) who so conspired, fails to meet the requirements of established law in this Circuit … that a bare minimum of facts must be pleaded … .")(citations omitted). Accord Frey v. City of Herculaneum, 44 F.3d 667, 672 (8th Cir. 1995)(§ 1983 complaint, merely alleging that the police officers "knew or should have known that … [the suicide victim] was a suicide risk" and that they failed "to take precautionary steps to protect him from" suicide, "falls short of meeting even the liberal standard for notice pleading, since it is entirely conclusory, giving no idea what acts the individual defendants are accused of that could result in liability … .")

At bottom, Plaintiff can prove no set of relief-entitling facts "that could be proved consistent with the allegations." Educadores Puertorriquenos En Accion, 367 F.3d at 66 (citation omitted)(emphasis supplied). According to Plaintiff's allegations (Complaint, at ¶¶ 7, 8, 9, 13), the purported violation of decedent's "federally protected rights" expressly

arises from the Defendants' alleged violations of state law. This is legally insufficient. "It is bedrock law in this circuit … that violations of state law – even where arbitrary, capricious, or undertaken in bad faith – do not, without more, give rise to a denial of substantive due process under the U.S. Constitution." Coyne v. City of Somerville, 972 F.2d 440, 444 (1st Cir. 1992)(citations omitted); Gardner v. Vespia, 252 F.3d 500, 503 (1st Cir. 2001). Thus, in Gardner, the plaintiff had "no federal right [under either the Second or the Fourteenth Amendments to the U.S. Constitution] to demand that … [the defendant] stay within the confines of state law in conducting background checks of those purchasing firearms." Id. (emphasis in original). Likewise here, Plaintiff has no federal right under the Fourteenth Amendment to demand that Defendants stay within the confines of Mass. Gen. Laws c. 40, §§ 36B and 36C, and the regulations promulgated thereunder, see n.2, supra, in regulating detention facilities viv-a-vis allegedly suicidal arrestees. See also Fournier v. Reardon, 160 F.3d 754, 758 (1st Cir. 1998)("[W]hether Massachusetts law was violated or the [correctional] department failed to follow its own disciplinary procedures matters little because neither alleged deficiency establishes a § 1983 violation.")

Therefore, Plaintiff's Complaint is legally insufficient and should be dismissed, as she cannot demonstrate the "good cause" necessary to amend her Complaint. See Part II.B, infra.

   B.  <u>Given That The Scheduling Order's Deadline For Amending The Pleadings Expired On September 20, 2004, Over Fourteen (14) Months Ago, Plaintiff Cannot Demonstrate The Diligence Required To Show The "Good Cause" Necessary For Court Permission To Amend Her Legally Insufficient Complaint, Which Should Therefore Be Dismissed</u>.

In patent recognition of the legal insufficiency of her § 1983 claim predicated merely on alleged violation of state law, Plaintiff alternatively urges (Opposition, at 7) that she be allowed to amend her Complaint. Specifically, Plaintiff contends that the liberal "freely given" standard for amending pleadings under Fed. R. Civ. P. 15(a) should apply to this situation.

However, pursuant to this Court's Scheduling Order (copy attached hereto as "Exhibit B"), Plaintiff was required to amend her Complaint by September 20, 2004 -- nearly 15 months ago. In a situation such as this, the First Circuit has held that the applicable standard is <u>not</u> the Rule 15(a) "freely given" standard, but "the more stringent 'good cause' standard under Fed. R. Civ. P. 16(b)." <u>O'Connell v. Hyatt Hotels of Puerto Rico</u>, 357 F.3d 152, 154 (1st Cir. 2004). In other words, Rule 16(b)'s "good cause" standard governs a motion to amend filed

after the scheduling order deadline. <u>Id.</u> (emphasis added). "Rule 16(b)'s 'good cause' standard emphasizes the diligence of the party seeking the amendment." <u>Id.</u> at 155 (citation omitted). "'(I)ndifference' by the moving party 'seal(s) off this avenue of relief' irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause." <u>Id.</u> (citation omitted).[6]

Plaintiff can no more demonstrate the diligence required to show the "good cause" necessary for Court permission to amend her legally insufficient Complaint, than she could (or did) in showing "good cause" relative to her June 2005 Motion for Extension of Time to Complete Discovery -- a Motion <u>denied</u> by this Court on July 8, 2005. In other words, Plaintiff cannot demonstrate that she could not reasonably have met this Court's September 20, 2004 deadline for amending her pleadings -- not unless it was 'reasonable' for Plaintiff to have simply remained

---

[6] More particularly, pursuant to Fed. R. Civ. P. 16(b), "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge … ;" and, pursuant to LR 16.1(G), a scheduling order can be modified "only upon a showing of good cause supported by affidavits, other evidentiary materials, or references to pertinent portions of the record." A "court may extend a scheduling order deadline on a showing 'of good cause if the (deadline) cannot reasonably be met despite the diligence of the party seeking the extension.'" <u>O'Connell v. Hyatt Hotels of Puerto Rico</u>, 357 F.3d 152, 154 (1st Cir. 2004)(citation omitted). "The rationale is that application of the 'good cause' standard preserves the integrity and effectiveness of Rule 16(b) scheduling orders." <u>Id.</u> at 155 (citation omitted). "'In an era of burgeoning case loads and thronged dockets, effective case management has become an essential tool for handling civil litigation.'" <u>Id.</u> (citation omitted. "For Rule 16(b) to operate effectively, litigants cannot be permitted to treat a scheduling order as a 'frivolous piece of paper idly entered, which can be cavalierly disregarded without peril.'" <u>Id.</u> (citation omitted).

content with her pleadings until their legal insufficiency was pointed out by Defendants. But this would be like saying that Defendants were unreasonable in bringing a Rule 12(c) Motion for Judgment on the Pleadings 'so late in the game' that Plaintiff did not know enough to amend her Complaint until after the September 20, 2004 pleading deadline had passed. Yet, ironically, this is <u>precisely</u> what Plaintiff <u>is</u> saying: according to Plaintiff (Opposition, at 5), Defendants <u>should have</u> tipped her off earlier, via a Fed. R. Civ. P. 12(e) motion for a more definite statement, that her Complaint was legally insufficient. This, even though Defendants <u>timely</u> complied with Rule 12(c)'s requirement that the motion be made "[a]fter the pleadings are closed but within such time as not to delay the trial," Fed. R. Civ. P. 12(c), and even though Defendants <u>timely</u> complied with the Scheduling Order's dispositive motion deadline of September 30, 2005. Defendants' timely compliance with both Rule 12(c) and the Scheduling Order is, according to Plaintiff, prejudicial to her, even though she was the party wholly indifferent to her own Complaint's legal insufficiency. In urging such a fanciful reading of the Rule 16(b) "good cause" standard, Plaintiff would have this Court turn First Circuit law

on its head by allowing the indifferent/non-diligent Plaintiff to amend her legally insufficient Complaint.[7]

Moreover, if prejudice is to be considered, it would militate against Plaintiff, as any amendment of the Complaint at such a late date would operate to prejudice Defendants. See O'Connell, 357 F.3d at 155 ("Prejudice to the opposing party remains relevant but is not the dominant criterion.")(citations omitted). See also id. at 154 ("The purpose of limiting the period for amending the pleadings is to assure 'that at some point both the parties and the pleadings will be fixed.'")(citation omitted).

Therefore, Plaintiff cannot demonstrate the diligence required to show the "good cause" necessary for Court permission to amend her legally insufficient Complaint, which, accordingly, should be dismissed.

---

[7]   Even then, Plaintiff's nearly-15-month-late request for leave of Court to amend her Complaint violates LR 7.1(A)(2) because that request, which is in the nature of a motion, is unaccompanied by a LR 7.1(A)(2) certification that her counsel attempted in good faith to resolve or narrow the issue.  In point of fact, there was no such attempt.  The very absence of that good faith attempt mirrors the absence of the good cause needed to amend the Scheduling Order and therewith Plaintiff's legally insufficient Complaint.

III. CONCLUSION.

For all the aforementioned, reasons, Plaintiff's Opposition to Defendants' Motion For Judgment on the Pleadings is devoid of merit. Consequently, Defendants' Motion for Judgment on the Pleadings should be allowed, and this case should be dismissed with prejudice.

```
                        CERTAIN POLICE OFFICERS OF THE
                        CITY OF WORCESTER POLICE
                        DEPARTMENT

                        By their attorneys,
                        David M. Moore
                        City Solicitor


                         /s/ Donald V. Rider, Jr.
                        Donald V. Rider, Jr. (BBO#549777)
                        Assistant City Solicitor
                        City Hall, Room 301
                        455 Main Street
                        Worcester, MA  01608
                        (508) 799-1161
```

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I served upon Plaintiff the within Defendants' Brief in Reply to Plaintiff's Opposition to Defendants' Motion for Judgment on the Pleadings by mailing a copy of the same, postage prepaid, to Joseph M. Mahaney, Esquire, Goguen, McLaughlin, Richards & Mahaney, LLP, 2 Pleasant Street, South Natick, MA 01760 on this  6th  day of December, 2005.

```
                         /s/ Donald V. Rider, Jr.
                        Donald V. Rider, Jr.
                        Assistant City Solicitor
```