UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PATRICIA WALLIS, As Administratrix of the ESTATE OF T. JEFFREY HEALEY, and next best friend. <br> *Plaintiff* <br><br> v <br><br> CERTAIN JOHN DOE POLICE OFFICERS OF THE CITY OF WORCESTER POLICE DEPARTMENT <br> *Defendant* | CIVIL ACTION <br> DOCKET NO.: 03-11318-FDS |

## PLAINTIFF, PATRICIA WALLIS, AS ADMINISTRATRIX OF THE ESTATE OF T. JEFFREY HEALEY'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

Pursuant to the Federal Rules of Civil Procedure Plaintiff Patricia Wallis, as Administratrix of the Estate of T. Jeffery Healy, and next best friend, hereby moves this Honorable Court for leave to amend the First Amended Complaint to add certain necessary parties as Defendants in the above-captioned case and to more clearly set forth the causes of action. A copy of the proposed Amended Complaint is attached.

I.   BACKGROUND

This is a civil rights lawsuit brought by the Plaintiff Patricia Wallis, as Administratrix of the Estate of T. Jeffrey Healey and next best friend on behalf of her son, T. Jeffrey Healey, a twenty three year old male who committed suicide while in police custody in an unmonitored cell at the City of Worcester Police Department.

The original Complaint filed by Plaintiff named certain John Doe police officers of the City of Worcester Police Department as the defendants. The John Doe defendants were named because Plaintiff was unable to ascertain the names of the individual police officers, who

violated Plaintiff's decedents Constitutional rights and negligently failed to provide Plaintiff's decedent with the proper care required by law as police officers. Plaintiff now seeks leave of court to amend her Complaint in order to add Thomas Barney, Francis Bartley, Anna Diaz, Steven Hair, Kevin Johanson, and Michael Lahair as the individual police officers.

II.   **ARGUMENT**

Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Fed.R.Civ.P. 21. Courts traditionally required leave to amend a pleading that added a new party based on the rationale that the more specific Rule 21 controls the more general Rule 15. United States v. Thomas Howell Kiewit (USA) Inc., 149 F.R.D. 125, 126 (E.D. Va. 1993). "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served ... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Once the defendant files a responsive pleading, however, the standards for adding parties are the same under both Rule 15 and Rule 21, since the plaintiff is required to obtain leave of court under both Rules. City of Manchester v. National Gypsum Co., 637 F. Supp. 646, 656-657 (D. RI. 1986).

A court should freely use the vast discretion granted by the text of Rule 15(a) to balance the equities of the parties when determining whether to grant leave to amend to add a nondiverse, dispensable party that will destroy jurisdiction. Tillman v. CSX Transp., Inc., 929 F.2d 1023, 1029 (5th Cir. 1991). Rule 15 allows for liberal amendment in the interests of resolving cases on the merits. Foman v. Davis, 371 U.S. 178, 181-182 (1962).

In this case the individual police officers (Thomas Barney, Francis Bartley, Anna Diaz, Steven Hair, Kevin Johanson, and Michael Lahair) were not known to Plaintiff at the time of filing the original Complaint. Now that these individual officers have been established by Plaintiff as the individuals who had actual knowledge of the cause of Plaintiff's decedent's death, his apparent suicide risk and his mental condition Plaintiff seeks to add them as individual defendants. The reasons therefor are that these individual officers were on duty the night Plaintiff's son took his life. Plaintiff's son was in the care and custody of these individual officers. The officers were responsible for searching and monitoring Plaintiff's son. Plaintiff asserts that these individuals knew or should have known from Plaintiff's son's actions in refusing medical attention for serious injuries, and his erratic and belligerent behavior that he was at risk of harming himself and or committing suicide. Plaintiff states that these individual officers are necessary to the outcome and resolution of this case on its merits.

Furthermore, Plaintiff also requests leave to add Gary J. Gemme, Chief of Police of the Worcester Police Department as a defendant in this case. Chief Gemme is, as the Chief of Police, responsible for the supervision of the individual officers under his command. Moreover, Chief Gemme is charge of maintaining the proper procedures and police regarding the care and custody of individuals who are at risk of harming themselves. Plaintiff asserts that Chief Gemme has failed in his duty.

The allowance of this Motion will not prejudice any party to this action and will secure the just, speedy, and inexpensive determination of this action as required by the Federal Rules of Civil Procedure. There has not been a date set for either a final pre-trial hearing or trial. Each and every Defendant has known from the date of the suicide that they were involved in the incident.

Furthermore, they have also been aware of the commencement of this law suit and of the publicity surrounding the suicide in local newspapers. (See Exhibit "A").

### III. CONCLUSION

WHEREFORE, Plaintiff respectfully requests this Honorable Court to allow Plaintiff Motion for Leave to Amend the Complaint to add the above-named individual defendants.

>                     Respectfully Submitted
>                     Plaintiff
>                     By Her Attorney:
>
>                     /s/ Theodore H. Goguen, Jr.
>                     /s/ Joseph M. Mahaney
>
>                     /s/ _____
>                        Theodore H. Goguen, Jr., Esq.
>                        (BBO # 196740)
>                        Joseph M. Mahaney, Esq.
>                        (BBO# 549042)
>                        GOGUEN, MCLAUGHLIN. RICHARDS
>                        & MAHANEY, LLP
>                        2 Pleasant Street
>                        S. Natick, MA 01760
>                        (508) 651-1000

Dated: February 8, 2008

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the attorney(s) of record for each other party by mail/hand on 2/8/06

/s/ _____