UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| PATRICIA WALLIS, As Administratrix of the ESTATE OF T. JEFFREY HEALEY, and next best friend.<br>*Plaintiff*<br><br>v<br><br>CERTAIN JOHN DOE POLICE OFFICERS OF THE CITY OF WORCESTER POLICE DEPARTMENT<br>*Defendant* | CIVIL ACTION<br>DOCKET NO.: 03-11318-FDS |

### PLAINTIFF'S PROPOSED FIRST AMENDED COMPLAINT

#### I. PRELIMINARY STATEMENT

1. This is a civil rights lawsuit brought by the Plaintiff Patricia Wallis, as Administratrix of the Estate of T. Jeffrey Healey and next best friend (hereinafter referred to as "Plaintiff") on behalf of her son, T. Jeffrey Healey, a twenty three year old male who died while in police custody at the City of Worcester Police Department. The Plaintiff seeks damages, both compensatory and punitive under 42 U.S.C. § 1983 as well as attorney's fees, interest and costs.

#### II. JURISDICTION AND VENUE

2. This action arises under the Fourteenth Amendments to the United States Constitution, and under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988.

3. This Court has jurisdiction of the causes of action under 28 U.S.C. §§ 1331, 1343, and 1367.

4. Venue is proper under 28 U.S.C. § 1391 in that the Defendant and Plaintiff reside and the cause of action arises in the District of Massachusetts.

### III. PARTIES

5. The Plaintiff, Patricia Wallis, (hereinafter "plaintiff") resides in the Town of Upton, Worcester County, Commonwealth of Massachusetts and brings this action on behalf of the Estate of T. Jeffrey Healey, her deceased son. Patricia Wallis was duly appointed as the Administratrix of the Estate of T. Jeffrey Healey by the Middlesex Probate and Family Court.

6. Defendant, Gary J. Gemme, is sued individually and in his official capacity as the Chief of Police of the Worcester Police Department, who in that capacity is and was responsible for establishing or failing to establish the policies, practices and regulations for the conduct of the Worcester Police Department and its officers and employees. Defendant, Gary J. Gemme, is and was responsible for insuring that those other Defendants named herein obeyed regulations of the Worcester Police Department, the Laws and Constitution of the Commonwealth of Massachusetts and the United States of America and was responsible for the training, supervision, discipline, and control of all members of the Worcester Police Department. Defendant, Gary J. Gemme, is and was the commanding officer of the other police personnel named herein as individual Defendants. Defendant is and was constitutionally and statutorily responsible also for the operation, practices, and totality of the conditions of the Worcester Police Department and the City of Worcester and is sued individually and in his official capacity.

7. The Defendant, Thomas Barney, is an adult police officer employed by the City of Worcester, Massachusetts with a usual place of business of Worcester Police Department, 911 Lincoln Street, Worcester, Massachusetts and for all times material to this Complaint, was a police officer employed by the City of Worcester and continues to be so employed. Defendant Thomas Barney is also being sued in his individual capacity.

8. The Defendant, Francis Bartley, is an adult police officer employed by the City of Worcester, Massachusetts with a usual place of business of Worcester Police Department, 911 Lincoln Street, Worcester, Massachusetts and for all times material to this Complaint, was a police officer employed by the City of Worcester and continues to be so employed. Defendant Francis Bartley is also being sued in his individual capacity.

9. The Defendant, Anna Diaz, is an adult police officer employed by the City of Worcester, Massachusetts with a usual place of business of Worcester Police Department, 911 Lincoln Street, Worcester, Massachusetts and for all times material to this Complaint, was a police officer employed by the City of Worcester and continues to be so employed. Defendant Anna Diaz is also being sued in his individual capacity.

10. The Defendant, Steven Hair, is an adult police officer employed by the City of Worcester, Massachusetts with a usual place of business of Worcester Police Department, 911 Lincoln Street, Worcester, Massachusetts and for all times material to this Complaint, was a police officer employed by the City of Worcester and continues to be so employed. Defendant Steven Hair is also being sued in his individual capacity.

11. The Defendant, Kevin Johanson, is an adult police officer employed by the City of Worcester, Massachusetts with a usual place of business of Worcester Police Department, 911 Lincoln Street, Worcester, Massachusetts and for all times material to this Complaint, was a police officer employed by the City of Worcester and continues to be so employed. Defendant, Kevin Johanson, is also being sued in his individual capacity.

12. The Defendant, Thomas Barney, is an adult police officer employed by the City of Worcester, Massachusetts with a usual place of business of Worcester Police Department, 911 Lincoln Street, Worcester, Massachusetts and for all times material to this Complaint, was a police officer employed by the City of Worcester and continues to be so employed. Defendant Thomas Barney is also being sued in his individual capacity.

13. The Defendant, Michael Lahair, is an adult police officer employed by the City of Worcester, Massachusetts with a usual place of business of Worcester Police Department, 911 Lincoln Street, Worcester, Massachusetts and for all times material to this Complaint, was a police officer employed by the City of Worcester and continues to be so employed. Defendant, Michael Lahair, is also being sued in his individual capacity.

14. The Defendant, City of Worcester is a municipality duly organized under the laws of the Commonwealth of Massachusetts, which owns, operates, manages, and controls the Worcester Police Department, which employed the individually named defendants.

## IV. STATEMENT OF FACTS

15. On or about September 5, 2001 at approximately 2:23, plaintiff's decedent T. Jeffrey Healey was arrested for the crime of breaking and entering of a motor vehicle in the night time with the intent to commit a felony therein, disturbing the peace, resisting arrest, and larceny under $250.00 by Officers Gregory Joinville and Glenn Stout and was transported to the Worcester Police Department for booking.

16. Following the booking, T. Jeffrey Healey was transported to St. Vincent's Hospital in Worcester, Massachusetts to be examined for serious injuries sustained during the aforementioned arrest. At St. Vincent's Hospital T. Jeffrey

3

      Healey refused medical attention and was returned to the Worcester Police Department and placed in cell number 3, an unmonitored cell at the Worcester Police Department.

17. Decedent was at all times while under the care and supervision of defendants depressed, belligerent and refusing medical care for serious injuries. T. Jeffrey Healey acted in the presence of the Defendant Officers in a manner which indicated total disregard for his physical and mental well being.

18. The defendants knew or should have known by T. Jeffrey Healey's conduct by refusing to accept medical care and erratic behavior that he was a risk of suicide and/or physical harm to himself. Defendants, furthermore, were on notice that Healey suffered from mental disabilities.

19. T. Jeffrey Healey was permitted to remain in an unmonitored cell not within plain sight and sound of defendants with an item, which in common knowledge is used to commit the act of suicide, to wit, a string belt from his sweat pants.

20. Defendants' failed to provide regular and continuous observation and supervision and control of decedent's activities.

21. Defendants left decedent unattended and unwatched for long periods of time. Plaintiff's decedent's cell was not physically or visibly checked by defendants as required under a reasonable standard of care pursuant to G.L. c. 40 §36B.

22. Defendants failed to use available video and audio monitoring system

23. Defendants failed to act reasonably and with due care of Plaintiff's decedent, who defendants knew or should have known was a suicide risk, in that they failed to remove the string belt from Plaintiff's decedent's sweat pants, placing T. Jeffrey Healey in an unmonitored cell and failing to comply with M.G.L. c. 40 § 36 A, B, and C and other regulations concerning the care and custody of individuals, who may be a risk of harm to themselves.

24. Between approximately 6:30 and 6:55, plaintiff's decedent died by means of his own hand by removing a portion of the string belt of his sweat pants and tying one end around his neck suffocating himself in his cell, in plain and open sight and sound of any person in the vicinity of said cell.

25. Despite Emergency medical Services attempts to revive him, Healey died of strangulation on or about September 5, 2001.

## V. CAUSES OF ACTION

### COUNT I

### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

(Plaintiff, Patricia Wallis, as Administratrix of the Estate of T. Jeffrey Healey and next best friend v. Defendants, Gary J. Gemme, Thomas Barney, Francis Bartley, Anna Diaz, Steven Hair, Kevin Johanson, Michael Lahair, and City of Worcester )

26. The plaintiff, Patricia Wallis, as Administratrix of the estate of T. Jeffrey Healey, hereby incorporates by reference paragraphs 1 through 25 as if specifically set forth herein.

27. Defendants, at all times material hereto were acting within their capacity as police officers for the Worcester Police Department and thus under the color of law.

28. Defendants' actions were reckless and callously indifferent to plaintiff's decedent, T. Jeffrey Healey's federally protected rights. Defendants deprived the Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Specifically, pursuant to the Fourteenth Amendment to the United States Constitution, decedent had the right to be secure in his life and person and to proper medical care while confined pursuant to state authority.

29. Defendants' acts were the proximate cause of the physical and emotional injuries and consequent damages sustained by the Plaintiff's decedent, T. Jeffrey Healey.

30. The Plaintiff has been severely damaged by the violation of his civil rights and hereby claims actual as well as punitive and statutory damages, attorney's fees, costs and expenses.

31. WHEREFORE the Plaintiff demands as follows:

   a. Judgment enter in favor of the Plaintiff;

   b. An award of damages for Plaintiff's decedent, T. Jeffrey Healey's pain and suffering as determined by the Court;

   c. An award of punitive damages pursuant to 42 U.S.C. § 1983 for the violation of Plaintiff's decedent, T. Jeffrey Healey's federally protected constitutional rights as determine by the Court;

   d. An award of interest, costs, and reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

e.  Such other and further relief as this Court deems meet and just.

## COUNT II

### NEGLIGENCE

**(Plaintiff, Patricial Wallis, as Administratrix of the Estate of T. Jeffrey Healey and next best friend v. Defendants, Gary J. Gemme, Thomas Barney, Francis Bartley, Anna Diaz, Steven Hair, Kevin Johanson, and Michael Lahair)**

32. The plaintiff, Patricia Wallis, as Administratrix of the estate of T.Jeffrey Healey, hereby incorporates by reference paragraphs 1 through 31 as if specifically set forth herein.

33. Defendants were required by law to take custody of Plaintiff's decedent, T. Jeffrey Healey placing Plaintiff's decedent under the care and supervision of defendants.

34. Defendants owed Plaintiff's decedent, T. Jeffrey Healey a duty of care to protect against unreasonable risk of physical harm and to give first aid after defendants know or have reason to know the other is ill or injured.

35. By placing T. Jeffrey Healey in an unmonitored cell, with the string belt from his sweat pants and failing to comply with M.G.L. c. 40 § 36 A, B, and C and other regulations concerning the care and custody of individuals, who may be a risk of harm to themselves, Defendants failed to act reasonably and with due care.

36. Defendants failure to act reasonably and with due care resulted in Plaintiff's decedent, T. Jeffrey Healey's death by self inflicted strangulation with the string belt the defendants failed to remove from Plaintiff's decedent.

37. The death of Plaintiff's decedent was the direct and proximate result of the negligence of defendants in supervising or controlling decedent when they knew or should have known by T. Jeffrey Healey's conduct by refusing to accept medical care and erratic behavior that he was a risk of suicide and/or physical harm to himself. Such negligence consisted in defendant's failure to provide regular and continuous observation and supervision and control of decedent's activities (b) defendant's leaving decedent unattended and unwatched for long periods of time, (c) failure to use available video and audio monitoring system or (d) defendant's failure to remove the means by which the suicide occurred.

38. At the time of his death, Plaintiff's decedent was 23 years of age, having been born on September 24, 1977 with a reasonable life expectancy of approximately 53 years. By reason of his/her death, plaintiff has been injured incurring damages

6

the present value of the probable total earnings during decedent's life expectancy, less personal living expenses. Plaintiff has been additionally damaged for mental anguish, loss of companionship and for funeral and death related expenses.

39. WHEREFORE the Plaintiff demands as follows:

   a. Judgment enter in favor of the Plaintiff;

   b. An award of damages for defendants' negligence as determined by the Court;

   c. An award of interest, costs, and reasonable attorney's fees; and

   d. Such other and further relief as this Court deems meet and just.

## COUNT III

## NEGLIGENT SUPERVISION

**(Plaintiff, Patricial Wallis, as Administratrix of the Estate of T. Jeffrey Healey and next best friend v. Defendant, Gary J. Gemme, City of Worcester)**

40. The plaintiff, Patricia Wallis, as Administratrix of the estate of T.Jeffrey Healey, hereby incorporates by reference paragraphs 1 through 39 as if specifically set forth herein.

41. At all times relevant herein the individual defendants were acting within the scope of their employment as police officers of the City of Worcester, Massachusetts.

42. At all times relevant herein the individual defendants were acting within the scope of their employment as police officers and jailers employed by the City of Worcester, Massachusetts which is liable in respondeat superior.

43. WHEREFORE the Plaintiff demands as follows:

   a. Judgment enter in favor of the Plaintiff;

   b. An award of interest, costs, and reasonable attorney's fees; and

   c. Such other and further relief as this Court deems meet and just.

## COUNT IV

## \WRONGFUL DEATH

(Plaintiff, Patricial Wallis, as Administratrix of the Estate of T. Jeffrey Healey and next best friend v. Defendants, Gary J. Gemme, Thomas Barney, Francis Bartley, Anna Diaz, Steven Hair, Kevin Johanson, and Michael Lahair)

44. The plaintiff, Patricia Wallis, as Administratrix of the estate of T.Jeffrey Healey, hereby incorporates by reference paragraphs 1 through 43 as if specifically set forth herein.

45. From the moment he attempted to commit suicide to the moment of death the decedent, T. Jeffrey Healey, experienced great pain and suffering.

46. Said pain and suffering was the direct and proximate result of defendants' negligence, wantonness, and deliberate indifference.

47. Under M.G.L. c. 229, damages caused by such pain and suffering are actionable by Plaintiff.

48. WHEREFORE, Plaintiff, Patricial Wallis, as Administratrix of the Estate of T. Jeffrey Healey and next best friend, prays for judgment against defendants and each of them, jointly and severally, costs of this action, and for such other and further relief as the court may deem just and proper.

49. **Plaintiff hereby demands trial by jury on all Counts.**

    Respectfully submitted
    The Plaintiff,
    by her Attorneys,

    /s/ *Theodore H. Goguen, Jr., Esq.*
    /s/ *Joseph M. Mahaney, Esq.*

    _____
    Theodore H. Goguen, Jr. Esq.
    BBO# 196740
    Joseph M. Mahaney, Esq.
    BBO# 549042
    Goguen, McLaughlin, Richards
    & Mahaney, LLP
    2 Pleasant Street
    South Natick, MA 01760
    (508) 651-1000

Date: February 8, 2006