UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-11318(FDS)

|  |  |
|---|---|
| PATRICIA WALLIS,<br>As Administratrix of the<br>Estate of T. Jeffrey Healey,<br>and next best friend,<br>     Plaintiff<br><br>v.<br><br>CERTAIN JOHN DOE POLICE<br>OFFICERS OF THE CITY OF<br>WORCESTER POLICE DEPARTMENT,<br>     Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S SECOND MOTION
FOR LEAVE TO AMEND THE COMPLAINT

Defendants Certain John Doe Police Officers of the City of Worcester Police Department hereby oppose the Motion brought by Plaintiff Patricia Wallis, as Administratrix of the Estate of T. Jeffrey Healey, for leave to amend the Complaint. As grounds for this Opposition, Defendants state the following:

1.    Plaintiff's Motion is brought beyond the scheduling order deadline of September 20, 2004 for amending the pleadings (see Court docket entry #11 made on 8/6/04);

2.    Plaintiff's Motion exceeds the scope of this Court's order of December 19, 2005, granting Plaintiff leave to file Plaintiff's First Amended Complaint (see Court docket entry made on 12/19/05) in response to

Plaintiff's first request for leave to amend the Complaint; and

3.   Plaintiff's attempt to now add Counts II and III for negligence and negligent supervision, respectively, is futile as said counts are barred by Plaintiff's failure to make sufficient presentment to the City of Worcester, as is required by Mass. Gen. Laws c. 258, § 4.

For the foregoing reasons, Plaintiff's Motion For Leave To Amend the Complaint should be denied.  The grounds for this Opposition are set forth more fully below.

I.   <u>STANDARD OF REVIEW</u>

Rule 15(a) of the Federal Rules of Civil Procedure governs a party's opportunity to amend its pleadings prior to trial.  It provides in relevant part that:

> [a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served ….  Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a).  While leave shall be freely given when justice so requires, leave to amend should not be permitted where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing

party by virtue of allowance of the amendment, [or] futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). It is well-settled law that a motion to amend a complaint is properly denied when the proposed amendment would be futile. Castellucci v. United States Fidelity and Guaranty Co., 372 Mass. 288, 290 (1977); Luke Broth, Inc. v. Krusell, 1996 WL 50965, at *2 (D. Mass.)(Wolf,J.)(denying a motion to amend where the proposed amendment would be futile as the claim would not survive a motion to dismiss).

II.  ARGUMENT

    A.  Plaintiff's Motion For Leave To Amend The Complaint Should Be Denied As It Is Beyond The Scheduling Order Deadline Of September 20, 2004 For Amending The Pleadings.

The present action was filed on or about July 15, 2003. (See court docket, entry #1.) On August 6, 2004, this Court held a scheduling conference in order to set deadlines for various stages of the litigation. At that conference, this Court set a deadline for amending the pleadings for September 20, 2004. Plaintiff's Motion is nearly 1½ years beyond the scheduling order deadline. As such, it should be denied for Plaintiff's "undue delay" in bringing the same. Foman, 371 U.S. at 182.

B.    <u>Plaintiff's Motion Exceeds The Scope Of This Court's
      Order Of December 19, 2005, Granting Plaintiff Leave
      To File Plaintiff's First Amended Complaint</u>.

On September 30, 2005, Defendants filed a motion for judgment on the pleadings and a motion to compel Plaintiff's response to Defendants' written discovery. (See court docket, entries #14-#16.) Plaintiff subsequently filed an opposition to Defendants' motion for judgment on the pleadings. This Court scheduled a status conference for December 19, 2005 in order to address the Defendants' dispositive motion as well as other matters. At the conference on December 19th, and in response to the Defendants' motion for judgment on the pleadings, Plaintiff requested, and was granted, leave of Court to file Plaintiff's First Amended Complaint. (See court docket, entry dated 12/19/05.) Plaintiff never filed the First Amended Complaint with the Court, nor did Plaintiff serve the same on Defendants. Rather, Plaintiff is requesting leave of Court, for a second time, to amend the Complaint. Plaintiff's request is beyond the scope of the Court's order of December 19, 2005, and, as such, it should be denied.

C.    <u>Plaintiff's Attempt To Now Add Counts II and III For Negligence And Negligent Supervision, Respectively, Is Futile As These Claims Are Barred For Failure To Make Sufficient Presentment Pursuant To Mass. Gen. Laws c. 258, § 4, And, As Such, Plaintiff's Request For Leave Of Court To Amend The Complaint To Add These Claims Should Be Denied.</u>

Plaintiff's Motion for Leave to Amend the Complaint seeks to add 3 new counts:  Count II for negligence, Count III for negligent supervision, and Count IV for wrongful death.  Counts II and III must be brought pursuant to Mass. Gen. Laws c. 258, as it provides the exclusive remedy for negligence actions brought against a public employer, such as the City of Worcester.  <u>See</u> Mass. Gen. Laws c. 258, § 2.  Counts II and III must also comply with the presentment requirements of Chapter 258, which mandates that, prior to filing a civil action, claims shall be presented to the public employer within two years after the date upon which the cause of action arose.  <u>See</u> Mass. Gen. Laws c. 258, § 4.

A presentment letter must identify the precise legal basis of plaintiff's claim.  <u>Gilmore v. Commonwealth</u>, 417 Mass. 718, 723 (1924); <u>Wightman v. Town of Methuen</u>, 26 Mass. App. Ct. 279, 281-82 (1988).  Thus, any theory of recovery set forth in plaintiff's complaint, which was not previously identified in his or her presentment letter, will be subject to dismissal. <u>Tambolleo v. Town of West Boylston</u>, 34 Mass. App. Ct. 526, 532-

33, *rev. den.* 416 Mass. 1103 (1993).  See <u>Richardson v. Dailey</u>,
424 Mass. 258, 262 (1997) (presentment letter sent to Mayor of
Boston failed to articulate claim for negligence against City);
<u>Wightman v. Town of Methuen</u>, 26 Mass. App. Ct. 279, 282 (1988)
(plaintiff's theory of negligence based on defendant's alleged
failure to secure prompt medical attention held barred, since
presentment letter did not assert such theory); <u>Rayberg v. City
of Waltham</u>, 5 Mass. L. Rptr. 183, 184 (1996) (mother's loss of
consortium claim not presented and, therefore, barred); <u>Cuddy v.
City of Boston</u>, 4 Mass. L. Rptr. 482, 484 (1995) (plaintiff's
claims for negligent training, testing, supervision and
discipline not presented and, therefore, barred).

In the present action, Plaintiff's presentment letter sets
forth a claim for the allegedly negligent death of T. Jeffrey
Healey.  (See presentment letter attached as Exhibit A.)  The
presentment letter makes no mention of independent claims for
negligence or negligent supervision.  Thus, Plaintiff failed to
preserve said claims.

It is well-settled law that a motion to amend a complaint
is properly denied when the proposed amendment would be futile.
<u>Castellucci v. United States Fidelity and Guaranty Co.</u>, 372
Mass. 288, 290 (1977).  Furthermore, "[w]hether a claim would
survive a motion to dismiss is a frequent touchstone used by
courts to determine futility."  <u>Luke Broth, Inc.</u>, 1996 WL 50965,

at *2, citing 6 Wright & Miller, <u>Federal Practice & Procedure</u>, §
1487, p. 643.  Thus, since Plaintiff's claims for negligence and
negligent supervision would not survive a motion to dismiss due
to Plaintiff's failure to satisfy the presentment requirements
of Mass. Gen. Laws c. 258, Plaintiff's attempt to amend the
Complaint to add the same is futile.  Accordingly, Plaintiff's
Motion for Leave to Amend the Complaint should be denied as to
Counts II and III.


III.  <u>CONCLUSION</u>.

    For all the aforementioned reasons, Plaintiff's Motion for
Leave to Amend the Complaint should be denied.

                        CERTAIN POLICE OFFICERS OF THE
                        CITY OF WORCESTER POLICE
                        DEPARTMENT
                        By their attorneys,
                        David M. Moore
                        City Solicitor


                        /s/ Janet J. McGuiggan_____
                        Janet J. McGuiggan (BBO #630013)
                        Assistant City Solicitor
                        City Hall, Room 301
                        455 Main Street
                        Worcester, MA  01608
                        (508) 799-1161

                **CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that I served upon
Plaintiff the within Defendants' Opposition to Plaintiff's
Motion for Leave to Amend the Complaint by electronically filing
with the Court and by mailing a copy of the same, postage
prepaid, to Joseph M. Mahaney, Esquire, Goguen, McLaughlin,

Richards & Mahaney, LLP, 2 Pleasant Street, S. Natick, MA 01760
on this 22d day of February, 2006.


                              /s/ Janet J. McGuiggan
                              Janet J. McGuiggan
                              Assistant City Solicitor