UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PATRICIA WALLIS, As Administratrix of the ESTATE OF T. JEFFREY HEALEY, and next best friend. <br> *Plaintiff* <br><br> v <br><br> CITY OF WORCESTER, OFFICERS, MICHAEL LAHAIR, THOMAS BARNEY, KEVIN JOHANSON, STEVEN HAIR, ANNA DIAZ, FRANCIS BARTLEY AND THOMAS BARNEY IN THEIR CAPACITY AS POLICE OFFICERS OF THE CITY OF WORCESTER AND IN THEIR INDIVIDUAL CAPACITY <br> *Defendants* | CIVIL ACTION <br> DOCKET NO.: 03-11318-FDS |

## SECOND AMENDED COMPLAINT

### I. PRELIMINARY STATEMENT

1.  This is a civil rights lawsuit brought by the Plaintiff Patricia Wallis, as Administratrix of the Estate of T. Jeffrey Healey and next best friend (hereinafter referred to as "Plaintiff") on behalf of her son, T. Jeffrey Healey, a twenty three year old male who died while in police custody at the City of Worcester Police Department. The Plaintiff seeks damages, both compensatory and punitive under 42 U.S.C. § 1983 as well as attorney's fees, interest and costs and damages, both compensatory and punitive under M.G.L. c. 229 § 2 "The Wrongful Death Statute."

### II. JURISDICTION AND VENUE

2.  This action arises under the Fourteenth Amendments to the United States Constitution, and under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988.

3.  This Court has jurisdiction of the causes of action under 28 U.S.C. §§ 1331, 1343, and 1367.

4.  Venue is proper under 28 U.S.C. § 1391 in that the Defendant and Plaintiff reside and the cause of action arises in the District of Massachusetts.

Case 4:03-cv-11318-FDS     Document 27     Filed 03/08/2006     Page 2 of 6

### III. PARTIES

5. The Plaintiff, Patricia Wallis, (hereinafter "plaintiff") resides in the Town of Upton, Worcester County, Commonwealth of Massachusetts and brings this action on behalf of the Estate of T. Jeffrey Healey, her deceased son. Patricia Wallis was duly appointed as the Administratrix of the Estate of T. Jeffrey Healey by the Middlesex Probate and Family Court.

6. The Defendant, City of Worcester is a municipality duly organized under the laws of the Commonwealth of Massachusetts, which owns, operates, manages, and controls the Worcester Police Department, which employed the individually named defendants.

7. The Defendant, Thomas Barney, is an adult police officer employed by the City of Worcester, Massachusetts with a usual place of business of Worcester Police Department, 911 Lincoln Street, Worcester, Massachusetts and for all times material to this Complaint, was a police officer employed by the City of Worcester and continues to be so employed. Defendant Thomas Barney is also being sued in his individual capacity.

8. The Defendant, Francis Bartley, is an adult police officer employed by the City of Worcester, Massachusetts with a usual place of business of Worcester Police Department, 911 Lincoln Street, Worcester, Massachusetts and for all times material to this Complaint, was a police officer employed by the City of Worcester and continues to be so employed. Defendant Francis Bartley is also being sued in his individual capacity.

9. The Defendant, Anna Diaz, is an adult police officer employed by the City of Worcester, Massachusetts with a usual place of business of Worcester Police Department, 911 Lincoln Street, Worcester, Massachusetts and for all times material to this Complaint, was a police officer employed by the City of Worcester and continues to be so employed. Defendant Anna Diaz is also being sued in his individual capacity.

10. The Defendant, Steven Hair, is an adult police officer employed by the City of Worcester, Massachusetts with a usual place of business of Worcester Police Department, 911 Lincoln Street, Worcester, Massachusetts and for all times material to this Complaint, was a police officer employed by the City of Worcester and continues to be so employed. Defendant Steven Hair is also being sued in his individual capacity.

11. The Defendant, Kevin Johanson, is an adult police officer employed by the City of Worcester, Massachusetts with a usual place of business of Worcester Police Department, 911 Lincoln Street, Worcester, Massachusetts and for all times

       material to this Complaint, was a police officer employed by the City of Worcester and continues to be so employed. Defendant, Kevin Johanson, is also being sued in his individual capacity.

12. The Defendant, Thomas Barney, is an adult police officer employed by the City of Worcester, Massachusetts with a usual place of business of Worcester Police Department, 911 Lincoln Street, Worcester, Massachusetts and for all times material to this Complaint, was a police officer employed by the City of Worcester and continues to be so employed. Defendant Thomas Barney is also being sued in his individual capacity.

13. The Defendant, Michael Lahair, is an adult police officer employed by the City of Worcester, Massachusetts with a usual place of business of Worcester Police Department, 911 Lincoln Street, Worcester, Massachusetts and for all times material to this Complaint, was a police officer employed by the City of Worcester and continues to be so employed. Defendant, Michael Lahair, is also being sued in his individual capacity.

## IV. GENERAL ALLEGATIONS AND FACTS

14. On or about September 5, 2001 at approximately 2:23, plaintiff's decedent T. Jeffrey Healey was arrested for the crime of breaking and entering of a motor vehicle in the night time with the intent to commit a felony therein, disturbing the peace, resisting arrest, and larceny under $250.00 by Officers Gregory Joinville and Glenn Stout and was transported to the Worcester Police Department for booking.

15. Following the booking, T. Jeffrey Healey was transported to St. Vincent's Hospital in Worcester, Massachusetts to be examined for serious injuries sustained during the aforementioned arrest. At St. Vincent's Hospital T. Jeffrey Healey refused medical attention and was returned to the Worcester Police Department and placed in cell number 3, an unmonitored cell at the Worcester Police Department.

16. Decedent was at all times while under the care and supervision of defendants depressed, belligerent and refusing medical care for serious injuries. T. Jeffrey Healey acted in the presence of the Defendant Officers in a manner which indicated total disregard for his physical and mental well being.

17. The defendants knew or should have known by T. Jeffrey Healey's conduct by refusing to accept medical care and erratic behavior that he was a risk of suicide and/or physical harm to himself. Defendants, furthermore, were on notice that Healey suffered from mental disabilities.

18. T. Jeffrey Healey was permitted by Defendant police officers to remain in an unmonitored cell not within plain sight and sound of defendants with an item, which in common knowledge is used to commit the act of suicide, to wit, a string belt from his sweat pants.

19. Defendants' failed to provide regular and continuous observation and supervision and control of decedent's activities.

20. Defendants left decedent unattended and unwatched for long periods of time. Plaintiff's decedent's cell was not physically or visibly checked by defendants as required under a reasonable standard of care pursuant to G.L. c. 40 §36B.

21. Defendants failed to use available video and audio monitoring system

22. Defendants failed to act reasonably and with due care of Plaintiff's decedent, who defendants knew or should have known was a suicide risk, in that they failed to remove the string belt from Plaintiff's decedent's sweat pants, placing T. Jeffrey Healey in an unmonitored cell and failing to comply with M.G.L. c. 40 § 36 A, B, and C and other regulations concerning the care and custody of individuals, who may be a risk of harm to themselves.

23. Between approximately 6:30 and 6:55, plaintiff's decedent died by means of his own hand by removing a portion of the string belt of his sweat pants and tying one end around his neck suffocating himself in his cell, in plain and open sight and sound of any person in the vicinity of said cell.

24. Despite Emergency medical Services attempts to revive him, Healey died of strangulation on or about September 5, 2001.

## V. CAUSES OF ACTION

### COUNT I

### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

**(Plaintiff, Patricia Wallis, as Administratrix of the Estate of T. Jeffrey Healey and next best friend v. Defendants, Thomas Barney, Francis Bartley, Anna Diaz, Steven Hair, Kevin Johanson, Michael Lahair as Police Officers of the City of Worcester and Individually)**

25. The plaintiff, Patricia Wallis, as Administratrix of the estate of T. Jeffrey Healey, hereby incorporates by reference paragraphs 1 through 24 as if specifically set forth herein.

4

26. Defendants, at all times material hereto were acting within their capacity as police officers for the Worcester Police Department and thus under the color of law.

27. Defendants' actions were reckless and callously indifferent to plaintiff's decedent, T. Jeffrey Healey's federally protected rights. Defendants deprived the Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Specifically, pursuant to the Fourteenth Amendment to the United States Constitution, decedent had the right to be secure in his life and person and to proper medical care while confined pursuant to state authority.

28. Defendants' acts were the proximate cause of the physical and emotional injuries and consequent damages sustained by the Plaintiff's decedent, T. Jeffrey Healey.

29. The Plaintiff has been severely damaged by the violation of his civil rights and hereby claims actual as well as punitive and statutory damages, attorney's fees, costs and expenses.

30. WHEREFORE the Plaintiff demands as follows:

   a. Judgment enter in favor of the Plaintiff;

   b. An award of damages for Plaintiff's decedent, T. Jeffrey Healey's pain and suffering as determined by the Court;

   c. An award of punitive damages pursuant to 42 U.S.C. § 1983 for the violation of Plaintiff's decedent, T. Jeffrey Healey's federally protected constitutional rights as determine by the Court;

   d. An award of interest, costs, and reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

   e. Such other and further relief as this Court deems meet and just.

## COUNT II

### \WRONGFUL DEATH

**(Plaintiff, Patricial Wallis, as Administratrix of the Estate of T. Jeffrey Healey and next best friend v. Defendant, City of Worcester)**

31. The plaintiff, Patricia Wallis, as Administratrix of the estate of T.Jeffrey Healey, hereby incorporates by reference paragraphs 1 through 30 as if specifically set forth herein.

32. From the moment he attempted to commit suicide to the moment of death the decedent, T. Jeffrey Healey, experienced great pain and suffering.

33. Said pain and suffering was the direct and proximate result of defendants' negligence, wantonness, and deliberate indifference.

34. Under M.G.L. c. 229, damages caused by such pain and suffering are actionable by Plaintiff.

35. WHEREFORE, Plaintiff, Patricia Wallis, as Administratrix of the Estate of T. Jeffrey Healey and next best friend, prays as follows:

   a. Judgment enter in favor of Plaintiff and against Defendant, City of Worcester;

   b. An award of damages as provided under M.G.L. c. 229 § 2 including but not limited to punitive damages;

   c. An award of damages for the decedent, T. Jeffrey Healey's pain and suffering;

   d. And for such other and further relief as the court may deem just and proper.

36. **Plaintiff hereby demands trial by jury on all Counts.**

> Respectfully submitted
> The Plaintiff,
> by her Attorneys,
>
> /s/ Theodore H. Goguen, Jr., Esq.
> /s/ Joseph M. Mahaney, Esq.
>
> ---
>
> Theodore H. Goguen, Jr. Esq.
> BBO# 196740
> Joseph M. Mahaney, Esq.
> BBO# 549042
> GOGUEN, MCLAUGHLIN, RICHARDS
> & MAHANEY, LLP
> 2 Pleasant Street
> South Natick, MA 01760
> (508) 651-1000

Date: March 8, 2006