UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
PATRICIA WALLIS,                )
As Administratrix of the        )
Estate of T. Jeffrey Healey,    )
and next best friend,           )
        Plaintiff               )
                                )
v.                              )   C.A. NO. 03-11318 (FDS)
                                )
CITY OF WORCESTER, OFFICERS,    )
MICHAEL LAHAIR, THOMAS BARNEY,  )
KEVIN JOHANSON, STEVEN HAIR,    )
ANNA DIAZ, FRANCIS BARTLEY AND  )
THOMAS BARNEY, in their         )
capacity as police officers     )
of the City of Worcester and    )
in their individual capacity,   )
        Defendants              )
```

DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT

Defendants City of Worcester, Officers Michael LaHair, Thomas Barney, Kevin Johanson, Steven Hair, Anna Diaz, and Francis Bartley, in their capacity as police officers of the City of Worcester and in their individual capacity, hereby answer Plaintiff's Second Amended Complaint, as follows.

PRELIMINARY STATEMENT

1. Paragraph 1 of Plaintiff's Second Amended Complaint presents a conclusion of law to which a responsive pleading is not required. But insofar as that paragraph can be construed as alleging facts, Defendants deny them.

JURISDICTION AND VENUE

2. Paragraph 2 of Plaintiff's Second Amended Complaint presents a conclusion of law to which a responsive pleading is not required. But insofar as that paragraph can be construed as alleging facts, Defendants deny them.

    3.    Paragraph 3 of Plaintiff's Second Amended Complaint presents a conclusion of law to which a responsive pleading is not required. But insofar as that paragraph can be construed as alleging facts, Defendants deny them.

    4.    Paragraph 4 of Plaintiff's Second Amended Complaint presents a conclusion of law to which a responsive pleading is not required. But insofar as that paragraph can be construed as alleging facts, Defendants deny them.

## PARTIES

    5.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Second Amended Complaint.

    6.    Defendants admit that Defendant City of Worcester is a municipality duly organized under the laws of the Commonwealth of Massachusetts, and admits that Defendant City of Worcester employed the individually named defendants, and admits that the Worcester Police Department is a department within the City organization. The remaining allegations contained in paragraph 6 of Plaintiff's Second Amended Complaint present conclusions of law to which a responsive pleading is not required. But insofar as that paragraph can be construed as alleging facts, Defendants deny them.

    7.    Defendants admit the allegations contained in paragraph 7 of Plaintiff's Second Amended Complaint.

    8.    Defendants admit the allegations contained in paragraph 8 of Plaintiff's Second Amended Complaint.

    9.    Defendants admit the allegations contained in paragraph 9 of Plaintiff's Second Amended Complaint.

    10.    Defendants admit the allegations contained in paragraph 10 of Plaintiff's Second Amended Complaint.

    11.    Defendants admit the allegations contained in paragraph 11 of Plaintiff's Second Amended Complaint.

    12.    Defendants admit the allegations contained in paragraph 12 of Plaintiff's Second Amended Complaint.

13. Defendants admit the allegations contained in paragraph 13 of Plaintiff's Second Amended Complaint.

## GENERAL ALLEGATIONS AND FACTS

14. Defendants admit the allegations contained in paragraph 14 of Plaintiff's Second Amended Complaint.

15. Defendants admit that, following his booking, T. Jeffrey Healey was transported to the hospital for treatment for a cut on the chin, which treatment Healey refused. Defendants further admit that Healey was returned to the Worcester Police Department and placed in cell number 3. Defendants deny the remaining allegations contained in paragraph 15 of Plaintiff's Second Amended Complaint.

16. Defendants deny the allegations contained in paragraph 16 of Plaintiff's Second Amended Complaint.

17. Defendants deny the allegations contained in paragraph 17 of Plaintiff's Second Amended Complaint.

18. Defendants deny the allegations contained in paragraph 18 of Plaintiff's Second Amended Complaint.

19. Defendants deny the allegations contained in paragraph 19 of Plaintiff's Second Amended Complaint.

20. Defendants deny the allegations contained in paragraph 20 of Plaintiff's Second Amended Complaint.

21. Defendants deny the allegations contained in paragraph 21 of Plaintiff's Second Amended Complaint.

22. Defendants deny the allegations contained in paragraph 22 of Plaintiff's Second Amended Complaint.

23. Defendants admit that, upon information and belief, Healey died by means of his own hand by removing a portion of the drawstring of his sweat pants and tying one end around his neck strangling himself in his cell. Defendants deny the remaining allegations contained in paragraph 23 of Plaintiff's Second Amended Complaint.

24. Defendants admit the allegations contained in paragraph 24 of Plaintiff's Second Amended Complaint.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

(Plaintiff, Patricia Wallis, as Administratrix of the Estate of T. Jeffrey Healey and next best friend v. Defendants, Thomas Barney, Francis Bartley, Anna Diaz, Steven Hair, Kevin Johanson, and Michael LaHair as police officers of the City of Worcester and Individually)

25. Defendants repeat and incorporate by reference their answers to paragraphs 1 through 24 of Plaintiff's Second Amended Complaint, as if fully set forth herein.

26. Defendants admit the allegations contained in paragraph 26 of Plaintiff's Second Amended Complaint.

27. Defendants deny the allegations contained in paragraph 27 of Plaintiff's Second Amended Complaint.

28. Defendants deny the allegations contained in paragraph 28 of Plaintiff's Second Amended Complaint.

29. Defendants deny the allegations contained in paragraph 29 of Plaintiff's Second Amended Complaint.

30. Paragraph 30 of Plaintiff's Second Amended Complaint presents demands for relief to which a responsive pleading is not required. But insofar as that paragraph can be construed as alleging facts, Defendants deny them.

### COUNT II
### WRONGFUL DEATH

31. Defendants repeat and incorporate by reference their answers to paragraphs 1 through 30 of Plaintiff's Second Amended Complaint, as if fully set forth herein.

32. Defendants deny the allegations contained in paragraph 32 of Plaintiff's Second Amended Complaint.

33. Defendants deny the allegations contained in paragraph 33 of Plaintiff's Second Amended Complaint.

34. Paragraph 34 of Plaintiff's Second Amended Complaint presents a conclusion of law to which a responsive pleading is

not required.  But insofar as that paragraph can be construed as alleging facts, Defendants deny them.

35.   Paragraph 35 of Plaintiff's Second Amended Complaint presents demands for relief to which a responsive pleading is not required.  But insofar as that paragraph can be construed as alleging facts, Defendants deny them.

36.   Paragraph 36 of Plaintiff's Second Amended Complaint presents a jury demand to which a responsive pleading is not required.  But insofar as that paragraph can be construed as alleging facts, Defendants deny them.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants are qualifiedly immune from liability.

### THIRD AFFIRMATIVE DEFENSE

Defendants' actions were justified and in good faith at all times.

### FOURTH AFFIRMATIVE DEFENSE

Defendants at all times acted reasonably and with a good faith belief that their actions were lawful and not in violation of any federal or state constitutional right.

### FIFTH AFFIRMATIVE DEFENSE

Any damages allegedly sustained by Plaintiff's decedent were the result of Plaintiff's decedent's own intentional conduct, and Plaintiff is therefore barred from recovery.

### SIXTH AFFIRMATIVE DEFENSE

The suicide alleged in Plaintiff's Complaint was the result of supervening and intervening causes unrelated to any acts of Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's decedent proximately caused his own death.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff did not sustain any actual deprivation of rights protected by federal or state law.

### NINTH AFFIRMATIVE DEFENSE

Defendants at all times were motivated with neither an evil intent or motive, nor with a reckless or callous indifference, toward any of Plaintiff's decedent's rights.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is not a person entitled to recover under the wrongful death statute.

### ELEVENTH AFFIRMATIVE DEFENSE

The actions of Defendants were neither the proximate nor the actual cause of any damage allegedly suffered by Plaintiff's decedent.

### TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff's decedent was negligent to a greater extent than Defendants, and therefore Plaintiff is not entitled to recover pursuant to Mass. Gen. Laws c. 231, § 85.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover because of the public duty rule codified in Mass. Gen. Laws c. 258, § 10.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant City of Worcester is immune from liability pursuant to Mass. Gen. Laws c. 258, §§ 10(b) and 10(j).

## FIFTEENTH AFFIRMATIVE DEFENSE

Any damages awarded to Plaintiff should be diminished in proportion to the amount of Plaintiff's decedent's negligence pursuant to Mass. Gen. Laws c. 231, § 85.

WHEREFORE, Defendants pray that this Court enter judgment in their favor as follows:

1. that the Complaint be dismissed;

2. that Plaintiff take nothing by her Complaint; and

3. for such other and further relief as this Court deems proper, including costs and attorney fees awarded to Defendants.

Defendants demand a trial by jury on all claims and issues so triable.

    CITY OF WORCESTER,
    OFFICERS MICHAEL LAHAIR,
    THOMAS BARNEY, KEVIN JOHANSON,
    STEVEN HAIR, ANNA DIAZ,
    and FRANCIS BARTLEY

    By their attorneys,
    David M. Moore
    City Solicitor

    /s/ Janet J. McGuiggan
    Janet J. McGuiggan (BBO #630013)
    Assistant City Solicitor
    City Hall, Room 301
    455 Main Street
    Worcester, MA 01608
    (508) 799-161

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have served upon Plaintiff the within Defendants' Answer to Plaintiff's Second Amended Complaint by electronically filing with the Court and by mailing a copy of the same, postage prepaid, to Joseph M. Mahaney, Esquire, Goguen, McLaughlin, Richards & Mahaney, LLP, 2 Pleasant Street, South Natick, MA  01760 this 28th day of March, 2006.


/s/ Janet J. McGuiggan
Janet J. McGuiggan
Assistant City Solicitor