UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PATRICIA WALLIS, | ) | |
| As Administratrix of the | ) | |
| Estate of T. Jeffrey Healey, | ) | |
| and next best friend, | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | C.A. NO. 03-11318(FDS) |
| | ) | |
| THOMAS BARNEY, KEVIN | ) | |
| JOHANSON, STEVEN HAIR, | ) | |
| MICHAEL LAHAIR, ANA DIAZ, | ) | |
| FRANCIS BARTLEY, and | ) | |
| CITY OF WORCESTER, | ) | |
|     Defendants | ) | |

DEFENDANTS' REPLY TO PLAINTIFF'S SUPPLEMENT
TO HER OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

Now come Defendants Thomas Barney, Kevin Johanson, Steven Hair, Michael Lahair, Ana Diaz, Francis Bartley and the City of Worcester ("Defendants") to reply to Plaintiff's Supplement to Her Opposition to Defendants' Motion for Summary Judgment. Plaintiff's Second Amended Complaint is a two-count Complaint alleging: 1) deliberate indifference on the part of the individual Defendants to Plaintiff's medical needs brought pursuant to 42 U.S.C. § 1983, and 2) wrongful death against the City of Worcester brought pursuant to Mass. Gen. Laws. c. 229. In support of this reply, Defendants state that Plaintiff has failed to satisfy her burden of establishing a genuine issue of material fact as to whether the individual defendants exhibited deliberate indifference to Plaintiff's medical needs as is required to support a § 1983 claim against the individual Defendants. See Estelle v. Gamble, 429 U.S. 97, 104-5 (1976) (articulating the deliberate indifference standard). Similarly, Plaintiff has failed to satisfy her burden of establishing a genuine issue of material fact as to whether the City of Worcester knew

or should have known that Plaintiff was a suicide risk as is required to support a wrongful death claim against the City of Worcester. See Slaven v. City of Salem, 386 Mass. 885, 889 (1982). Plaintiff improperly relies upon "improbable inferences" and "unsupported speculation" to establish essential elements of her case. Goldman v. First National Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993) (quoting Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)). Accordingly, for the reasons set forth in Defendants' Memorandum of Law in Support of Defendants' Motion for Summary Judgment and in this Reply, summary judgment should be granted in Defendants' favor as to both counts of Plaintiff's Second Amended Complaint.

I.  ARGUMENT.

   A.  A Violation Of State Law Is Insufficient To Support A Claim Of A Constitutional Violation Brought Pursuant to 42 U.S.C. § 1983.

Count I of Plaintiff's Second Amended Complaint, brought pursuant to 42 U.S.C. § 1983, alleges that the individual Defendants violated Plaintiff's decedent's constitutional right to be free from deliberate indifference to his medical needs. In support of this allegation, Plaintiff points to the individual Defendants' alleged failure to provide Plaintiff with a telephone call in violation of Mass. Gen. Laws c. 276, § 33A. (Plaintiff's Supplement to Opposition, pp. 4-5.) However, it is well-established law that "a violation of state law … is not inherently sufficient to support a § 1983 claim." Boveri v. Town of Saugus, 113 F.3d 4, 7 (1st Cir. 1997); see also Boston Environmental Sanitation Inspectors Assoc. v. City of Boston, 794 F.2d 12, 13 (1st Cir. 1986) (holding that claims that defendants breached state statutory provisions and applicable labor contracts could not form the basis of a civil rights action). In fact, "[e]ven bad-faith violations of state law are not necessarily tantamount to unconstitutional deprivations of due process." Boveri, 113 F.3d at 7 (quoting Amsden v. Moran, 904 F.2d 748, 757 (1st Cir. 1990)

(holding that revocation of a license did not violate surveyor's procedural or substantive due process rights)); see also Davis v. Scherer, 468 U.S. 183, 196 (1984) (rejecting argument that an official's conduct is objectively unreasonable when it violates a statute or regulation and admonishing that it is not "always fair, or sound policy, to demand official compliance with statute and regulation on pain of money damages").

Thus, in the case at bar, assuming arguendo that the individual Defendants did in fact violate Mass. Gen. Laws c. 276, § 33A, such violation is insufficient to support Plaintiff's § 1983 claim.

    B.    In Support of Plaintiff's Claim Brought Pursuant To 42 U.S.C. § 1983, Plaintiff Relies Upon Omissions That Do Not Rise To The Level Of "Deliberate Indifference," Which Is Required To Establish A Constitutional Violation.

In support of her § 1983 claim, Plaintiff points to the following omissions in an attempt to establish a constitutional violation: 1) alleged failure to check decedent's cell between 5 a.m. and 6 a.m. (Plaintiff's Supplement to Opposition, pp. 5-6), and 2) alleged failure to check a fellow inmate's cell between 5 a.m. and 6 a.m. (Plaintiff's Supplement to Opposition, pp. 6-7.) However, neither omission constitutes "deliberate indifference," and, therefore, neither are sufficient to support Plaintiff's § 1983 claim. See Torraco v. Maloney, 923 F.2d 231, 236 (1st Cir. 1991).

"A finding of deliberate indifference requires more than a showing of negligence." Id. at 234. In a suicide case, "[a] finding of deliberate indifference requires a strong likelihood, rather than a mere possibility, that self-infliction of harm will occur." Id. at 236.

> The conduct must encompass "acts or omissions so dangerous (in respect to health and safety) that a defendant's knowledge of a large risk can be inferred." [T]here can be no deliberate indifference if the defendants are unaware that the detainee poses a risk of harm to himself. Moreover, the risk must be "large," and

3

>    "strong," in order for constitutional (as opposed to tort) liability to attach.

Elliott v. Cheshire Co., 940 F.2d 7, 10-11 (1st Cir. 1991) (quotations omitted).

In this case, assuming arguendo that the individual Defendants failed to make cell checks between the hours of 5 a.m. and 6 a.m., such omission was not so dangerous that the individual Defendants' knowledge of a large risk that self-infliction of harm will occur can be inferred. See id. at 10. Plaintiff has failed to provide any evidence whatsoever to establish that the decedent posed a "large" and "strong" risk of suicide and that the individual Defendants were aware of such a risk. See id. at 11. At most, the alleged omissions upon which Plaintiff relies constitute mere negligence, and, as such, constitutional liability cannot attach to the individual Defendants.

Because Plaintiff cannot provide affirmative evidence of the individual Defendants' alleged knowledge of the decedent's risk of suicide, Plaintiff attacks the individual Defendants' affidavits in which they swear that they did not observe any behavior or hear any statements that would have led them to believe that the decedent was suicidal. (See affidavits attached to Memorandum of Law in Support of Defendants' Motion for Summary Judgment.) Plaintiff attempts to counter those affidavits by arguing that "[t]he fact that the decedent did not explicitly state he was suicidal is not dispositive in determining whether the defendants knew or should have known that the decedent was a suicide risk." (Plaintiff's Supplement to Opposition, p. 7.) While it may be true that the lack of explicit suicidal statements may not be absolutely dispositive in determining whether the Defendants knew or should have known of a large and strong risk of suicide, "[i]n the absence of a previous threat of or an earlier attempt at suicide, we know of no federal court in the nation … that has concluded that official conduct in failing to prevent a suicide constitutes deliberate indifference." Elliott, 940 F.2d at 11 (emphasis added) (citing Cabrales v. County of Los Angeles, 864 F.2d 1454 (9th Cir. 1988) (denying defendants'

4

motion for JNOV where jailers had rescued decedent from previous suicide attempt)); <u>Partridge v. Two Unknown Police Officers</u>, 791 F.2d 1182 (5th Cir. 1986) (plaintiff stated a valid claim where it was known that detainee-decedent had attempted suicide in previous confinement) (citations omitted).

In this case, it is undisputed that the decedent had not attempted suicide while in custody, as is evidenced by the results of the CJIS (Criminal Justice Information System) check performed by Officer Michael Motyka. (See Affidavit of Michael Motyka attached to Memorandum of Law in Support of Defendants' Motion for Summary Judgment.) It is also undisputed that the decedent did not threaten suicide while in custody, as is evidenced by the affidavits of the individual Defendants (affidavits attached to Memorandum of Law in Support of Defendants' Motion for Summary Judgment) as well as the statement of inmate Colon contained within Officer Francis Bartley's investigative report wherein Colon stated that he heard the decedent complain that he wanted medical assistance for his chin, which assistance the decedent had already refused, but that he did not hear the decedent make any statements that he wanted to harm himself. (See Officer Bartley's investigation report provided pursuant to Court order.) Thus, constitutional liability cannot attach to the individual Defendants.

    C.    <u>Plaintiff's Assertion That There Are Inconsistencies and Questions Arising Out Of The Police Investigation Report Is Insufficient To Establish Constitutional Liability</u>.[1]

First, Plaintiff claims that the unredacted police investigation report differs substantially from the redacted report in that portions of the report were blacked out in the redacted report. Defendants submit that this argument is of no significance in that 1) a redacted report by its very

---

[1] Plaintiff contends that a discrepancy in a date at the top of the investigative report "is suspect" and requires explanation. (See Plaintiff's Supplement to Opposition, p. 2 fn. 1.) Upon information and belief, the differing dates refer to the date the report was printed; the computer system automatically puts a new print date on the document each time it is printed.

nature has portions that are removed, and 2) Plaintiff has the unredacted report making the redactions irrelevant.

Second, Plaintiff argues that a statement by Dr. Benanti of Medical City contained within the investigation report wherein Dr. Benanti states that he was familiar with the decedent for prior visits for heroin abuse and psychiatric reasons is evidence of the individual Defendants' awareness of the decedent's suicidal tendencies. Defendants submit that 1) Dr. Benanti's awareness of the decedent's drug and mental health issues is not attributable to the individual Defendants, and 2) Dr. Benanti's statement was taken after decedent's death, and it follows that it cannot be used to support Plaintiff's claim that the individual Defendants knew that the decedent was a suicide risk prior to his death.

Third, Plaintiff misstates a portion of Officer Barney's statement contained within the investigation report in an attempt to create an issue of material fact. Plaintiff claims that Officer Barney admits in his statement that, after returning from the hospital, he left the decedent unmonitored until 6 a.m., which purportedly contradicts his affidavit in which he states that he conducted periodic checks after returning from the hospital. (Plaintiff's Supplement to Opposition, p. 9.) However, when making his statement, Officer Barney was asked "[w]hen was the next time you had contact with Healey?" to which he replied "I was doing the six o'clock check and I started talking to Healey." It appears from Officer Barney's answer that he interpreted "contact" to mean verbal contact or "talking." Accordingly, Officer Barney's statement and affidavit are not necessarily contradictory. Regardless, even if the allegation is true that the decedent was unmonitored from 5 a.m. to 6 a.m., as is discussed in argument B above, such omission does not rise to the level of deliberate indifference which is required for constitutional liability to attach.

Fourth, Plaintiff points to the fact that the decedent was reportedly yelling and banging between 5 a.m. and 6 a.m. as evidence that he was suicidal. (Plaintiff's Supplement to Opposition, pp. 9-10.) Plaintiff wants this Court to make the leap that said yelling and banging put the individual Defendants on notice that the decedent was suicidal. It goes without saying that yelling and banging is commonplace in a police station lockup and that it rarely concludes with suicide. As such, yelling and banging is insufficient to establish that the individual Defendants had knowledge that the decedent was a suicide risk.

Finally, Plaintiff claims that the affidavits of the individual Defendants leave questions unanswered. Defendants simply state in response that there is no legal requirement that affidavits in support of a summary judgment motion answer all of Plaintiff's questions. Plaintiff had the opportunity to conduct discovery to answer the unanswered questions, but failed to take advantage of the opportunity in a timely manner and in compliance with the Federal Rules of Civil Procedure.

II.     CONCLUSION.

Defendants state that Plaintiff has failed to satisfy her burden of establishing a genuine issue of material fact as to whether the individual defendants exhibited deliberate indifference to Plaintiff's medical needs as is required to support a § 1983 claim against the individual Defendants. Similarly, Plaintiff has failed to satisfy her burden of establishing a genuine issue of material fact as to whether the City of Worcester knew or should have known that Plaintiff was a suicide risk as is required to support a wrongful death claim against the City of Worcester. Plaintiff improperly relies upon improbable inferences and unsupported speculation to establish essential elements of her case. Accordingly, for the reasons set forth in Defendants' Memorandum of Law in Support of Defendants' Motion for Summary Judgment and in this

Reply, summary judgment should be granted in Defendants' favor as to both counts of Plaintiff's Second Amended Complaint.

        Respectfully submitted,

        Thomas Barney, Kevin Johanson,
        Steven Hair, Michael Lahair, Ana Diaz,
        Francis Bartley and City of Worcester,

        By their attorneys,

        David M. Moore
        City Solicitor


        /s/ Janet J. McGuiggan
        Assistant City Solicitor
        City of Worcester
        City Hall, Room 301
        455 Main Street
        Worcester, MA 01608
        (508) 799-1161
        BBO #630013

## CERTIFICATE OF SERVICE

I, Janet J. McGuiggan, hereby certify that the within document filed through the ECF electronic filing system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and a paper copy will be served upon Plaintiff by mailing a copy of the same via first class mail, postage prepaid, to Theodore H. Goguen, Jr., Esquire, Goguen, McLaughlin, Richards & Mahaney, The Harriet Beecher Stowe House, 2 Pleasant Street, South Natick, MA 01760, on this 6th day of July, 2006.

        /s/ Janet J. McGuiggan
        Assistant City Solicitor